J-S17043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GORDON BROWN | |
| Appellant | No. 1895 WDA 2014 |

Appeal from the Judgment of Sentence June 18, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0008256-2013

BEFORE:  GANTMAN, P.J., SHOGAN, J., and FITZGERALD, J.*

MEMORANDUM BY GANTMAN, P.J.:                **FILED APRIL 15, 2015**

Appellant, Gordon Brown, appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas, following his bench trial convictions for recklessly endangering another person (REAP), obstruction of administration of law or other governmental function ("obstruction"), and disorderly conduct.[1]  We affirm.

In its opinion, the trial court fully set forth the relevant facts of this case.  Therefore, we have no reason to restate them.  Procedurally, following a bench trial, Appellant was convicted of REAP, obstruction, and disorderly conduct.  On June 18, 2014, the court sentenced Appellant to a term of

_____

[1]  18 Pa.C.S.A. §§ 2705, 5101, 5503(a)(4), respectively.

_____

*Former Justice specially assigned to the Superior Court.

twelve (12) to twenty-four (24) months' imprisonment for the REAP conviction, and a consecutive term of six (6) to twelve (12) months' imprisonment for the obstruction conviction. The court imposed no further penalty for disorderly conduct. Thus, Appellant received an aggregate sentence of eighteen (18) to thirty-six (36) months' imprisonment.

On June 26, 2014, Appellant filed a timely post-sentence motion. Appellant filed another post-sentence motion on June 27, 2014. While the motions were pending, and despite having counsel of record, Appellant *pro se* filed a PCRA petition and a notice of appeal on September 16, 2014.[2] In light of Appellant's *pro se* filings, the court appointed new counsel on September 23, 2014. On October 14, 2014, Appellant, through new counsel, filed a motion for permission to file amended post-sentence motions and to receive a thirty-day extension for decision on the motions. The court granted Appellant's request. Appellant filed amended post-sentence motions on November 7, 2014, which the court denied on November 13, 2014. Appellant timely filed a notice of appeal on November 18, 2014. The court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant timely complied.

---

[2] A defendant may not take a direct appeal while his post-sentence motions are pending. **Commonwealth v. Cooper**, 611 Pa. 437, 27 A.3d 994 (2011). Moreover, a defendant may not engage in hybrid representation by submitting *pro se* filings while still represented by counsel. **Commonwealth v. Willis**, 29 A.3d 393 (Pa.Super. 2011). Therefore, Appellant's *pro se* PCRA petition and notice of appeal were legal nullities.

Appellant raises a single issue for our review:

DID THE TRIAL COURT ERR IN DENYING APPELLANT'S POST SENTENCING MOTIONS SINCE THE TRIAL COURT ERRED IN IMPOSING AN EXCESSIVE AGGREGATE SENTENCE (BY RUNNING THE TWO SENTENCES CONSECUTIVELY), AND IN IMPOSING AN EXCESSIVE SENTENCE FOR THE REAP CONVICTION, SINCE APPELLANT HAD NO PRIOR CONVICTIONS SINCE 1991, HE HAD BEEN A BUSINESS OWNER AND WAS A CONTRIBUTING MEMBER OF AND TO THE MCKEESPORT, PA COMMUNITY, HE HAD BEEN COOPERATIVE IN THE JAIL PENDING SENTENCING, HE HAD TWO SONS AND WAS A POSITIVE AND HELPFUL FATHER TO ESPECIALLY HIS TEN-YEAR-OLD SON, APPELLANT WAS ONLY TRYING TO SAVE HIS MOTHER-IN-LAW'S CATS, AND APPELLANT FELT REMORSE FOR, AND NEVER INTENDED TO CAUSE, LIEUTENANT LOPRETTO'S HORRIFIC INJURIES?

(Appellant's Brief at 3).

On appeal, Appellant argues his sentence for the REAP conviction is manifestly excessive in light of various mitigating factors, including the length of time since Appellant's last offense in 1991; his business ownership and contributions to the community; his cooperation in jail pending sentencing; his fatherhood; his motivation for reentering the house in an attempt to save the cats; and his remorse for Lieutenant Lopretto's injuries. Appellant suggests the court based its sentence solely on the seriousness of the crime. For the same reasons, Appellant also asserts the court imposed too severe a punishment when it made Appellant's REAP and obstruction convictions run consecutively. Appellant concludes this Court should vacate the judgment of sentence and remand for resentencing. Appellant's challenge is to the discretionary aspects of his sentence. ***See***

*Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595 (Pa.Super. 2010) (explaining challenge to imposition of consecutive sentences implicates discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (stating claim that sentencing court failed to consider or did not adequately consider certain factors challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Sierra*, 752 A.2d 910 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or raised in a motion to modify

the sentence imposed at that hearing.  ***Commonwealth v. Mann***, 820 A.2d 788 (Pa. Super. 2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code.  ***Commonwealth v. Mouzon***, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f).  "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal 'furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases.'"  ***Commonwealth v. Phillips***, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009) (quoting ***Commonwealth v. Williams***, 562 A.2d 1385, 1387 (Pa.Super. 1989) (*en banc*) (emphasis in original)).

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis."  ***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003).  A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process."  ***Sierra, supra*** at 912-13 (quoting

*Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).  A claim that a sentence is manifestly excessive might raise a substantial question if the appellant's Rule 2119(f) statement sufficiently articulates the manner in which the sentence imposed violates a specific provision of the Sentencing Code or the norms underlying the sentencing process.  *Mouzon, supra* at 435, 812 A.2d at 627.  Generally, "[a]n allegation that a sentencing court failed to consider or did not adequately consider certain factors does not raise a substantial question that the sentence was inappropriate."  *Cruz-Centeno, supra* at 545.  A challenge to the trial court's exercise of discretion in imposing sentences consecutively also generally fails to raise a substantial question.  *Commonwealth v. Pass*, 914 A.2d 442, 446 (Pa.Super. 2006).

Instantly, Appellant's amended post-sentence motion and Rule 2119(f) statement properly preserved his claims that the court imposed an excessive sentence for the REAP conviction, without adequate consideration of certain factors, and abused its discretion when it made the REAP and obstruction sentences run consecutively.[3]  Nevertheless, neither of these claims presents a substantial question warranting review.  *See Pass, supra*; *Cruz-*

_____

[3] To the extent Appellant also appears to argue in his brief that the court failed to state adequate reasons on the record for the sentence imposed, this claim is waived because Appellant failed to raise it at sentencing or in a timely post-sentence motion.  *See Mann, supra*.

- 6 -

*Centeno, supra*. Moreover, the court had the benefit of a PSI report at sentencing. Therefore, we can presume the court considered the relevant information and mitigating factors. *See Commonwealth v. Tirado,* 870 A.2d 362, 365 (Pa.Super 2005) (stating where sentencing court had benefit of PSI, law presumes court was aware of and weighed relevant information regarding defendant's character and mitigating factors). The court also imposed a standard range sentence for the REAP and obstruction convictions. *See Cruz-Centeno, supra* (explaining that, absent more, standard range sentence cannot be considered excessive or unreasonable where court had benefit of PSI).

Additionally, at the sentencing hearing, the court reasoned as follows:

> The [c]ourt received a memorandum in aid of mitigation at sentencing filed by [Appellant's] counsel. I reviewed it.
>
> \* \* \*
>
> In your case, [Appellant], you have had other opportunities throughout the course of your life to interact, unfortunately, within the criminal justice system, and it has failed in [the court's] view to persuade you to rehabilitate your view, that you are going to do what you want to do when you damn well want to do it even in the face of being ordered by police to do something else.
>
> I know that you didn't mean it that way. I believe you when you say that. I believe that you didn't mean to hurt this officer, but you were going to do what you were going to do regardless of the orders that you got from the law enforcement officer in a very chaotic, dangerous situation just like you had done in the past with the fleeing and eluding and ignoring the demands of the officer and you are 40 some years old now. You are not a kid.

You can tell me that it was motivated by your mother[-in-law's] desire to have the cat saved, I understand all that, but it was a very dangerous situation and a real harmful result occurred to that man individually and to the community of McKeesport generally. You have obstructed the officers and others in their attempt to handle a very dangerous public situation….

I am sorry to have to do this, [Appellant] but based on the [c]ourt's view, your prior interaction with the law did not refocus your understanding that you are to abide by lawful commands of police particularly in a very dangerous setting for the community. You did just the opposite.

\* \* \*

It is a very stern sentence, [Appellant], but the results of your knowing conduct, your decision to ignore lawful commands of the police, to actually interfere with their ability to try to handle the very dangerous public situation resulted in very severe harm to the individual victim and to the community, measurable harm to the community, and people have to know that when an officer gives them a lawful command that they have to follow it whether they like it or not.

(N.T. Sentencing Hearing, 6/18/14, at 33-34). Thus, the record indicates the court was aware of the relevant sentencing considerations and weighed them in a meaningful fashion. Based on the foregoing, we conclude Appellant's sentences should remain undisturbed. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>4/15/2015</u>

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
)
vs. )  CC No. 2013-08256
)
GORDON BROWN, )
)
Defendant. )
)

## OPINION

Mariani, J.

This is a direct appeal wherein the defendant, Gordon Brown, appeals from the Judgment of Sentence imposed on June 18, 2014 which became final upon this Court's denial of post-sentencing motions on November 13, 2014. On March 26, 2014 the defendant was convicted, after a non- jury trial, of recklessly endangering another person, obstructing the administration of law and summary disorderly conduct. This Court sentenced the defendant to a term of imprisonment of not less than one year nor more than 2 years relative to the conviction for recklessly endangering another person. Relative to the conviction obstructing the administration of law, this Court imposed a consecutive sentence of imprisonment of not less than six months nor more than twelve months. No additional penalty was imposed at the disorderly conduct conviction. The defendant filed a timely Notice of Appeal. Defendant filed a Concise Statement of Matters Complained of on Appeal alleging that this Court imposed an excessive sentence. For the following reasons, the judgment of sentence should be affirmed.

FILED
2014 DEC -4 AM 57
DEP: OF COURT RECORDS
CRIMINAL DIVISION
ALLEGHENY COUNTY

(24)

The credible facts at trial established that on January 30, 2013, officers from the McKeesport Police Department as well as firefighters from the McKeesport Fire Department responded to a residence at 413 Long Run Road that was fully engulfed by fire. This residence was a house that was partitioned into apartments. Officer Daniel Krejdovsky testified that he initially responded to the fire scene. Upon arriving at the scene, he secured the residence to make sure nobody was inside. All of the residents were outside toward the rear of the residence. Officer Krejdovsky spoke with a number of people who resided in the residence, including the defendant. At some point, the defendant attempted to enter the side door of the residence. The defendant walked into the kitchen area. Officer Krejdovsky told the defendant to get out of the house. The defendant continued to walk around the kitchen and firefighters had to maneuver around him to fight the fire. Officer Krejdovsky then physically removed the defendant from the residence.

Assistant Police Chief Green also arrived on the scene. He testified that he encountered the defendant standing on the front porch of the residence. According to Assistant Chief Green, the house was so engulfed in flames that it was a "very dangerous" situation. Assistant Chief Green asked the defendant to leave the area due to the volatility of the fire site. The defendant refused, telling Assistant Chief Green that his cat was inside the house. Assistant Chief Green was unable to convince the defendant to leave the area. Assistant Chief Green testified that he had to enter the porch area that led to the area where flames were engulfing the house. The front door of the residence was open and smoke was "pouring" out of the house. Assistant Chief Green

2

had to physically drag the defendant off the porch and away from the fire site. Assistant Chief Green then ordered the defendant to leave the area of the fire. The defendant initially appeared to comply with those orders.

Lieutenant Dennis Lopretto of the McKeesport Police Department testified that when he first arrived on the scene, the defendant was standing on the front porch of the residence attempting to fight the fire with a garden hose. The defendant was standing on the porch and flames were coming outside the front door. Lieutenant Lopretto ordered the defendant to leave the porch. When the defendant refused, he physically removed him from the porch. The defendant "wrestled" with him in an effort to remain on the porch. Even after being removed from the porch, the defendant continued a few more times to enter the porch. Lieutenant Lopretto left the defendant with neighbors and instructed them not to permit him to enter the house.

Lieutentant Lopretto then heard a female's voice from the rear of the house scream that her cat was still in the residence. When he got to the rear of the residence, he observed the defendant make a "dash" toward the residence. Lieutenant Lopretto ran toward the defendant to stop him from entering the residence. While running, Lieutenant Lopretto slipped on the wet deck of the residence and fell. As a result of the fall, Lieutenant Lopretto suffered brain swelling, a severe concussion, loss of speech, vision issues, neck pain, balance issues and a torn rotator cuff. The injuries have caused him to lose his job as a police officer and his quality of life has substantially diminished.

3

The defendant testified at trial. He essentially testified that he did encounter police officers on the day of the fire but he did not repeatedly attempt to enter the residence and he did not engage in any skirmishes with them. He attempted to place blame for his conduct on a person in a "camouflage jacket." This Court did not find his testimony credible.

Defendant claims that the imposition of consecutive sentences was inappropriate. A sentencing judge is given a great deal of discretion in the determination of a sentence, and that sentence will not be disturbed on appeal unless the sentencing court manifestly abused its discretion." Commonwealth v. Boyer, 856 A2d 149, 153 (Pa. Super. 2004), citing Commonwealth v. Kenner, 784 A.2d 808, 811 (Pa.Super. 2001) appeal denied, 568 Pa. 695, 796 A.2d 979 (2002); 42 Pa.C.S.A. §9721. An abuse of discretion is not a mere error of judgment; it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. See Commonwealth v. Flores, 921 A.2d 517, 525 (Pa.Super. 2007), citing Commonwealth v. Busanet, 817 A.2d 1060, 1076 (Pa. 2002).

The imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Commonwealth v. Lloyd, 878 A.2d 867, 873 (Pa. Super. 2005), appeal denied, 585 Pa. 687, 887 A.2d 1240 (2005) (citing Commonwealth v. Hoag, 665 A.2d 1212, 1214 (Pa. Super. 1995). Title 42 Pa.C.S.A. § 9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Commonwealth v. Marts, 889 A.2d 608, 612 (Pa. Super. 2005) (citing

4

Commonwealth v. Graham, 661 A.2d 1367, 1373 (1995)). "In imposing a sentence, the trial judge may determine whether, given the facts of a particular case, a sentence should run consecutive to or concurrent with another sentence being imposed." Commonwealth v. Perry, 883 A.2d 599 (Pa. Super. 2005), quoting Commonwealth v. Wright, 832 A.2d 1104, 1107 (Pa.Super.2003); see also Commonwealth v. L.N., 787 A.2d 1064, 1071 (Pa.Super.2001), appeal denied 569 Pa. 680, 800 A.2d 931 (2002).

Furthermore, the "[s]entencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." Boyer, supra, quoting Commonwealth v. Moore, 617 A.2d 8, 12 (1992). Discretion is limited, however, by 42 Pa.C.S.A. §9721(b), which provides that a sentencing court must formulate a sentence individualized to that particular case and that particular defendant. Section 9721(b) provides: "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense, as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant . . . . " Boyer, supra at 153, citing 42 Pa.C.S.A. §9721(b). Furthermore,

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigative report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

5

Boyer, supra at 154, citing Commonwealth v. Burns, 765 A.2d 1144, 1150-1151 (Pa.Super. 2000) (citations omitted).

Moreover, "the sentencing court must state its reasons for the sentence on the record." Boyer, supra at 154, citing 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors. Boyer, supra, citing Burns, supra, citing Commonwealth v. Egan, 451 Pa.Super. 219, 679 A.2d 237 (1996). In fashioning an appropriate sentence, courts must be mindful that the sentencing guidelines "have no binding effect, in that they do not predominate over individualized sentencing factors and that they include standardized recommendations, rather than mandates, for a particular sentence." Commonwealth v. Walls, 592 Pa. 557, 567, 926 A.2d 957, 964 (2007). A sentencing court is, therefore, permitted to impose a sentence outside the recommended guidelines. If it does so, however, it "must provide a written statement setting forth the reasons for the deviation...." Id., 926 A.2d at 963.

A sentencing judge can satisfy the requirement of placing reasons for a particular sentence on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors. Boyer,

6

supra, citing <u>Burns</u>, supra, citing <u>Commonwealth v. Egan</u>, 451 Pa.Super. 219, 679 A.2d 237 (1996). See also <u>Commonwealth v. Tirado</u>, 870 A.2d 362, 368 (Pa.Super. 2005) (if sentencing court has benefit of pre-sentence investigation, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors).

The sentencing record demonstrates that the Court considered all relevant information. The record indicates that the Court also reviewed the presentence report as it commented on the defendant's prior criminal convictions for fleeing and eluding the police and recklessly endangering another person.

This Court also noted that the defendant intentionally and defiantly disobeyed direct orders from police officers at a very dangerous public scene. Had the defendant complied with those orders, Lieutenant Lopretto would not have sustained the very serious injuries from which he now suffers. The sentencing record indicates that the Court considered the rehabilitative needs of the defendant, protection of the public and public deterrence. As this Court explained:

> In your case, Mr. Brown, you have had other opportunities through the course of your life to interact, unfortunately, within the criminal justice system, and it has failed in my view to persuade you to rehabilitate your view, that you are going to do what you want to do when you damn well want to do it even in the face of being ordered by police to do something else.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

7

I know that you didn't mean it that way. I believe you when you say that. I believe that you didn't mean to hurt this officer, but you were going to do what you were going to do regardless of the orders that you got from the law enforcement officer in a very chaotic, dangerous situation just like you had done in the past with the fleeing and eluding and ignoring the demands of the officer and you are 40 some years old now. You are not a kid.

You can tell me that it was motivated by your mother, your stepmom's desire to have the cat saved, I understand all that, but it was a very dangerous situation and a real harmful result occurred to that man individually and to the community of McKeesport generally. You have obstructed the officers and others in their attempt to handle a very dangerous public situation and disorderly conduct. Well that seems to flow from that.

\* \* \* \* \* \* \* \* \* \* \* \* \*

I am sorry to have to do this, Mr. Brown, but based on the Court's view, your prior interaction with the law did not refocus your understanding that you are to abide by the lawful commands of police, particularly in a very dangerous setting for the community. You did just the opposite.

The sentencing record contains a sufficient written justification for the Court's sentence in this case. The aggravated-range substantive sentence relative to the recklessly endangering another person conviction was not improper. Imposing a consecutive sentence for obstructing the administration of law was not an abuse of discretion. Accordingly, the judgment of sentence should be affirmed.

By the Court:

Date: _December 3, 2014_    _____ J.

8