679 A.2d 237

**COMMONWEALTH of Pennsylvania**

v.

**John A. EGAN, Appellant.**

Superior Court of Pennsylvania.

Argued March 6, 1996.

Filed June 21, 1996.

220

Dennis C. McAndrews, Media, for appellant.

Jerome T. Foerster, Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before DEL SOLE, JOHNSON and CERCONE, JJ.

JOHNSON, Judge:

In this appeal, we consider whether this Court may address a claim that the trial court erred in failing to place its reasons for the imposition of sentence on the record where such a claim was not raised in a motion for modification of sentence. Because the trial court addressed this contention in its Opinion, and because an appellate court can address such a claim based upon a review of the sentencing transcript, we conclude that failure to raise the claim in a motion for modification of sentence does not result in waiver for purposes of appeal. Further, because we find that the trial court erred in failing to place reasons for its sentence on the record, we vacate the judgment of sentence and remand this matter for resentencing.

After arguing with his girlfriend, John A. Egan got out of his car and began walking down the sidewalk. He collided with Jeffrey Cooper (the victim). Egan then returned to the car, retrieved "the Club," an anti-theft device, and proceeded to beat the victim about the face and head. Egan pleaded guilty to one count of aggravated assault, and the court sentenced him to a term of 51 to 102 months' imprisonment. Egan filed a motion to modify sentence in which he alleged numerous grounds for such modification but did not assert that the court erred in failing to state, on the record, its reasons for imposition of sentence. The trial court denied his motion. This appeal followed.

On appeal, Egan argues that the trial court erred in failing to provide, on the record, reasons for the sentence imposed. Egan also asserts that this matter should be remanded for resentencing before a different judge due to certain remarks made by the sentencing judge.

Egan first contends that the court erred because it failed to state, on the record, reasons for the imposition of sentence. Egan's brief contains a concise statement of the reasons relied upon for allowance of appeal as required by

Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). Initially, we address the Commonwealth's assertion that this claim is waived because it was not properly preserved. We recognize that failure to raise a challenge to the discretionary aspects of sentencing in a motion for modification generally results in waiver of that claim for purposes of appellate review. Pa.R.Crim.P. 1410; *Commonwealth v. Jarvis*, 444 Pa.Super. 295, 663 A.2d 790 (1995). In *Jarvis*, we explained:

> The version of Rule of Criminal Procedure 1410 applicable to determinations of guilt which have occurred after January 1, 1994 does not dispense with the need to preserve challenges to the discretionary aspects of a sentence by means of [a post-sentence motion requesting reconsideration/modification of sentence]. Although the new rule characterizes a motion to modify sentence as "optional," the rule plainly states that only issues which were *presented to the trial court* before or during trial shall be deemed preserved for appeal in the absence of a post-trial motion. The modifications to Rule 1410 have not altered the requirement of Rule of Appellate Procedure 302[ (a) ] which states that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."

*Id.* at 298, 663 A.2d at 791–92 (citation omitted). In the present case, Egan filed a motion for modification of sentence, but he did not challenge the court's failure to state its reasons for imposition of sentence on the record in that motion. After the court denied his motion, Egan filed a notice of appeal. In his concise statement of matters complained of on appeal, Egan asserted that the court erred in failing to state, on the record, its reasons for imposition of sentence. In response, the court filed an Opinion stating that it was "under no obligation to explain the sentence since it was in the bottom of the standard range." Trial Court Opinion, filed September 22, 1995, at 3. Apparently recognizing the error of this statement, the court filed a Supplemental Opinion stating that it was required to provide a statement of reasons for imposition of sentence, and that the requirement was satisfied by certain

remarks the court made during a bail hearing. Supplemental Opinion, filed October 6, 1995, at 1. Because the trial court addressed Egan's contention in its Opinions, we do not deem it waived for purposes of appeal. *Commonwealth v. Montalvo,* 434 Pa.Super. 14, 641 A.2d 1176 (1994).

■ We are aware that this Court has declined to review a challenge to the weight of the evidence raised for the first time on appeal even where the trial court has addressed the claim in its opinion. *See Commonwealth v. Robinson,* 450 Pa.Super. 428, 676 A.2d 249 (1996); *Commonwealth v. Holmes,* 444 Pa.Super. 257, 663 A.2d 771 (1995). We believe, however, that the cases applying this rule are distinguishable from the present case. Challenges to the weight of the evidence *must* be presented to the trial court. *Commonwealth v. Hodge,* 441 Pa.Super. 653, 658 A.2d 386 (1995). This is so because " '[a]n appellate court by its nature stands on a different plane than that of a trial court.' " *Commonwealth v. Brown,* 538 Pa. 410, 436, 648 A.2d 1177, 1190 (1994), quoting *Thompson v. City of Philadelphia,* 507 Pa. 592, 599, 493 A.2d 669, 672 (1985).

> "While there may be some legitimacy for a trial court, who [sic] has ... observed the witnesses as they testified, to consider the weight of the evidence and to that extent review the jury's determination of credibility, there is surely no justification for an appellate court, relying upon a cold record, to exercise such a function."

*Commonwealth v. Karkaria,* 533 Pa. 412, 418–19 n. 3, 625 A.2d 1167, 1170 n. 3 (1993), quoting *Commonwealth v. Farquharson,* 467 Pa. 50, 59–60, 354 A.2d 545, 550 (1976). Thus, "[a]n appellate court may only review the trial court's exercise of discretion in granting or denying a new trial on grounds that the verdict was contrary to the weight of the evidence; it may not address 'the underlying question whether the verdict is against the weight of the evidence.' " *Hodge, supra,* at 659, 658 A.2d at 389, quoting *Brown, supra,* at 435, 648 A.2d at 1189.

A claim that the court erred in failing to provide reasons for imposition of sentence, however, does not involve the same

considerations as those involved in evaluating a weight of the evidence claim. Although a claim that the trial court failed to provide reasons for its sentence technically involves the discretionary aspects of sentencing, *see Commonwealth v. Smicklo*, 375 Pa.Super. 448, 544 A.2d 1005 (1988) (*en banc* ), the trial court has no discretion in determining whether or not to place such reasons on the record. Rather, the Sentencing Code provides, in pertinent part, that "[i]n every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b). "The failure to provide such a statement of reasons for the sentence imposed is reversible error requiring resentencing." *Commonwealth v. Johnson*, 373 Pa.Super. 312, 329, 541 A.2d 332, 340, *appeal denied*, 520 Pa. 596, 552 A.2d 250 (1988). As an appellate court, we can review such a claim by making reference to the sentencing transcript. Unlike review of a challenge to the weight of the evidence, review of the present claim does not require an evaluation of witness credibility or any other matter uniquely within the province of the trial court. Accordingly, we will address Egan's claim.

■ As stated above, the court is required to place, on the record, its reasons for imposition of sentence. 42 Pa.C.S. § 9721(b). The sentencing judge can satisfy this disclosure requirement by indicating, on the record, that he has been informed by a pre-sentence report. *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12 (1988); *Commonwealth v. Blackwell*, 436 Pa.Super. 294, 647 A.2d 915 (1994), *appeal denied*, 540 Pa. 576, 655 A.2d 509 (1995); *Commonwealth v. Hlatky*, 426 Pa.Super. 66, 626 A.2d 575 (1993), *appeal denied*, 537 Pa. 663, 644 A.2d 1200 (1994); *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587 (1992), *appeal denied*, 535 Pa. 615, 629 A.2d 1377 (1993).

■ In the present case, a sentencing hearing was held on July 12, 1995. Although the record indicates that a presentence report and sentencing memorandum were prepared and

submitted to the court, the court made no indication that it had reviewed those documents. Its entire sentencing statement was as follows:

Sentencing under 60B of 1995 is that you pay the costs of prosecution, you serve a period of incarceration at the state level of not less than 51 months and not more than 102 months. There is no fine, restitution is left open, do you understand the sentence?

N.T., August 2, 1995, at 4. No reasons were provided to explain the court's decision to impose a term of incarceration. The need for some indication as to the basis for the court's imposition of a term of incarceration in this case is highlighted by the following circumstances: At the close of the sentencing hearing, the court indicated that it intended to defer sentencing for 24 months to allow Egan to obtain employment and pay the victim half of his weekly wage during that time period. N.T., July 12, 1995, at 59. The Commonwealth objected, arguing, among other things, that the deferred sentence proposed by the court might hamper the ability of the victim's family to recover in a civil proceeding. *Id.* at 63. In response to the Commonwealth's objection, the court stated:

[W]e're going to pass this because of some questions that have come up by counsel with respect to the method of delaying sentence. The Court's suggestion is I believe the questions are appropriate and I believe I should have the benefit of those answers before I finalize what my theory of sentence should be here. And so for that reason, I pass the formal imposition of sentence until August 2. Counsel are instructed as to what I expect of them in the [meantime] and they, of course, have already made their record and their record is closed with respect to the sentencing excepting for the additional information I have suggested. That's it.

*Id.* at 67. The Commonwealth thereafter submitted a letter to the court indicating that the victim's family intended to file a civil suit. Defense counsel submitted a response stating that Egan had no assets with which to satisfy a judgment, but that he was employed and would willingly make restitution to the

victim. On August 2, 1995, the court imposed the term of incarceration stated above. The court's departure, without explanation, from its original inclination to defer incarceration demonstrates the need for the court to place a statement of reasons for the sentence on the record or, at a minimum, to make reference to the presentence report. Because the court did not indicate that it had reviewed and considered the presentence report, and because the court did not provide, on the record, any reasons for the sentence imposed, we vacate the judgment of sentence and remand this matter for resentencing. *Hlatky, supra; Jones, supra.*

Next, Egan asserts that the resentencing proceeding should be assigned to a different judge. Because the sentencing judge has recently died, however, this issue is moot.

Based upon the foregoing, we vacate the judgment of sentence and remand this matter for resentencing.

Judgment of Sentence VACATED. Case REMANDED. Jurisdiction RELINQUISHED.