J-S61037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TREVOR ELI RINGGOLD, | |
| Appellant | No. 743 WDA 2014 |

Appeal from the Judgment of Sentence February 13, 2013
in the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000968-2012

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED OCTOBER 07, 2014**

Trevor Eli Ringgold (Appellant) appeals from the February 13, 2013 judgment of sentence of 90 to 180 months of incarceration, followed by three years of probation, entered following his plea of guilty to aggravated assault and prohibited offensive weapons.[1]  We affirm.

On November 11, 2011, Appellant, an inmate at SCI Albion, assaulted another inmate by slashing his face with a razor blade and hitting him in the face with a combination lock swung in a sock.  N.T., 2/13/2013, at 10. Appellant pled guilty to the counts listed above in exchange for the Commonwealth's dismissal of other charges.  Appellant requested to proceed

_____

[*]  Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a)(1) and 908(a), respectively.

immediately to sentencing. The sentencing court thereupon imposed the sentence detailed above, which fell in or below the mitigated range of the sentencing guidelines. The sentencing court did provide that the sentence run consecutively to the sentence Appellant had been serving at the time of the assault.

Appellant timely filed a post-sentence motion which was denied. No direct appeal was filed. Appellant's direct appeal rights were reinstated following his timely filing of a PCRA petition. Accordingly, Appellant filed a notice of appeal, and both Appellant and the sentencing court complied with Pa.R.A.P. 1925.

Appellant presents the following question for this Court's consideration: "Whether the sentencing court committed legal error and abused its discretion in failing to impose the instant sentence concurrently to the sentence [Appellant] was then serving and in failing to afford consideration to the institutional penalties already imposed by the Department of Corrections as to mitigating the instant sanctions imposed?" Appellant's Brief at 2.

Appellant's question challenges the discretionary aspects of his sentence.[2] Accordingly, we bear in mind the following.

_____

[2] Because the plea agreement was open as to his sentence, Appellant is not precluded from challenging the discretionary aspects of sentencing. **See Commonwealth v. Brown**, 982 A.2d 1017, 1019 (Pa. Super. 2009).

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. In order to establish a substantial question, the appellant must show actions by the trial court inconsistent with the Sentencing Code or contrary to the fundamental norms underlying the sentencing process.

*Commonwealth v. Bowen*, 55 A.3d 1254, 1262-63 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Appellant's brief includes a statement of reasons relied upon for allowance of appeal, in which he claims that the sentence is contrary to the norms underlying the sentencing process because the sentencing court "failed to afford due weight and consideration to mitigating factors," and "failed to proffer a legally sufficient statement on the record in support of a consecutive sentence." Appellant's Brief at 5.

A claim that the sentencing court did not consider adequately certain mitigating factors does not raise a substantial question. *Commonwealth v. Johnson*, 961 A.2d 877, 880 (Pa. Super. 2008). However, "[a]n allegation that a judge failed to offer specific reasons for [a] sentence does raise a substantial question." *Commonwealth v. Dunphy*, 20 A.3d 1215,

1222 (Pa. Super. 2011) (internal quotations and citations omitted).

Therefore, we grant permission to appeal as to the question of the adequacy

of the sentencing court's on-the-record statement of reasons for the

sentence.[3]

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
>
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014)

(internal citations and quotation marks omitted). *See also* 42 Pa.C.S.

§ 9721 ("[T]he court shall follow the general principle that the sentence

imposed should call for confinement that is consistent with the protection of

_____

[3] Appellant's post-sentence motion asks the sentencing court to impose this sentence concurrent rather than consecutive to the sentence he was already serving. However, it does not raise an objection to the sufficiency of the reasons offered by the sentencing court for the consecutive sentencing scheme. Although Appellant arguably failed to preserve this claim, we decline to find waiver. *See Commonwealth v. Egan*, 679 A.2d 237, 239 (Pa. Super. 1996) (declining to find waiver of challenge to trial court's failure to offer reasons for sentence, as such claim can be reviewed by examining the sentencing transcript).

the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant.").

> [W]hether or not there is a departure from the guidelines, a court imposing sentence for a felony or misdemeanor shall make part of the record, and disclose in open court during sentencing, a statement of the reasons for the sentence. The court is not required to parrot the words of the Sentencing Code, stating every factor that must be considered under Section 9721(b). However, the record as a whole must reflect due consideration by the court of the statutory considerations [enunciated in that section].

*Commonwealth v. Coulverson*, 34 A.3d 135, 145 (Pa. Super. 2011) (quoting *Commonwealth v. Feucht*, 955 A.2d 377, 383 (Pa. Super. 2008)).

With these principles in mind, we examine the reasons offered by the sentencing court on the record at Appellant's sentencing hearing.

> I have listened to the evidence presented here today and I have read the prior history which isn't good. It involves a significant number of robberies. I do note that this involved the use of another homemade weapon, so to speak, which isn't good, so that even while incarcerated, you pose a risk to others.
>
> Now, having said that, I also take into account your age, the fact that you now have a GED, you have some work history, and you have accepted responsibility by way of your testimony at the preliminary hearing and by way of your plea here today.

N.T., 2/13/2013, at 24-25. The sentencing court then went on to order what Appellant acknowledges was a **mitigated range** sentence on the aggravated assault conviction, and a sentence **below the mitigated range** on the weapons conviction. *Id.* at 26-26. Given the sentence imposed, and

the sentencing court's on-the-record explanation for it, we are utterly unconvinced that Appellant's sentence resulted from partiality, prejudice, bias, or ill will against him or is otherwise manifestly unreasonable to his detriment. Indeed, if Appellant's sentence had run concurrently with the lengthy sentences he already was serving, Appellant would serve virtually no additional time for the serious offenses he committed while imprisoned. The sentencing court's refusal to endorse punishment-free inmate violence was not an abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014