J-A23003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KATELYN WEBSTER, | : | |
| | : | |
| Appellant | : | No. 729 WDA 2014 |

Appeal from the Judgment of Sentence entered on May 1, 2014
in the Court of Common Pleas of Allegheny County,
Criminal Division, No. CP-02-CR-0005521-2013

BEFORE: GANTMAN, P.J., LAZARUS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED NOVEMBER 25, 2015**

Katelyn Webster ("Webster") appeals the judgment of sentence imposed following her guilty plea to one count each of perjury and false swearing.[1] *See* 18 Pa.C.S.A. §§ 4902(a), 4903(a). We affirm the judgment of sentence.

The trial court set forth the relevant factual and procedural history in its Opinion, which we incorporate herein by reference. *See* Trial Court Opinion, 12/9/14, at 1-3.

On appeal, Webster raises the following questions for our review:

1. Whether the trial court erred by denying [Webster's] request to transfer the case to the juvenile division?

2. [Whether] the trial court erred by sentencing [Webster] in the aggravated range without providing sufficient reasons[?]

---

[1] Webster also pled guilty to false reports; however, that charge was later withdrawn by the Commonwealth prior to sentencing.

Brief for Appellant at 2, 17 (capitalization omitted, issues renumbered).

Webster contends that the trial court erred by denying her Motion to transfer the case to the juvenile division when (1) she was under 21 at the time of her prosecution; and (2) she committed a "delinquent act" prior to reaching the age of 18. *Id*. at 8. Webster asserts that the course of conduct that formed the basis for the charges against her began when she was a juvenile. *Id*. Webster points out that she was charged with false reports, perjury and false swearing, and claims that each of the charges related to her fabricated allegations of rape against M.F. *Id*. at 10. Webster argues that the false reports charge pertains to her initial fabricated allegation, which was made when she was 17 years old. *Id*. at 11. Webster claims that, because M.F.'s preliminary hearing was postponed to a date after Webster turned 18 years old, the charges of perjury and false swearing stem from the false testimony that she provided after she turned 18 years old. *Id*. Webster contends that, because she committed a delinquent act before she turned 18, her case should have been transferred to the juvenile division by operation of law. *Id*. Webster asserts that the spirit of the Juvenile Act[2] requires her case to be transferred to the juvenile division, as the Act favors adjudication of cases through the juvenile division as opposed to the criminal division, and because she was amenable to rehabilitation through the juvenile division. *Id*. at 12, 14.

---

[2] ***See*** 42 Pa.C.S.A. § 6301, *et seq*.

In its Opinion, the trial court addressed Webster's first claim, and determined that it lacks merit. *See* Trial Court Opinion, 12/9/14, at 3-5. We concur with the reasoning of the trial court, and affirm on this basis as to this issue. *See id*.

In her second issue, Webster contends that the trial court erred by sentencing her in the aggravated range without providing sufficient reasons. Brief for Appellant at 17. Webster asserts the trial court based its aggravated sentence primarily on the impact to the victim, M.F. *Id*. at 19. Webster claims that, although she presented evidence of her need of intense treatment and therapy, "the trial court's reasoning for the aggravated sentence is nearly void of any reference thereto." *Id*. Webster argues that her psychological issues, coupled with her immaturity and young age, weighed against an aggravated sentence, even in light of the severe consequences suffered by the victim. *Id*.

Webster's second claim challenges the discretionary aspects of her sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Prior to reaching the merits of a discretionary sentencing issue,

> [this Court conducts] a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether

there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, [*see*] 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted).  When an appellant challenges the discretionary aspects of her sentence, we must consider her brief on this issue as a petition for permission to appeal.  *Commonwealth v. Yanoff*, 690 A.2d 260, 267 (Pa. Super. 1997); *see also Commonwealth v. Tuladziecki*, 522 A.2d 17, 18 (Pa. 1987); 42 Pa.C.S.A. § 9781(b).

In the instant case, Webster filed a timely Notice of Appeal, preserved her claims in a timely post-sentence Motion, and included in her appellate brief a separate Rule 2119(f) statement.  As such, she is in technical compliance with the requirements to challenge the discretionary aspects of a sentence.  *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010).  Thus, we will proceed to determine whether Webster has presented a substantial question for our review.

An allegation that a sentencing court failed to consider or did not adequately consider certain mitigating factors does not raise a substantial question that the sentence was inappropriate.  *See Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006).  Thus, we decline to address Webster's claims that the trial court failed to adequately consider her psychological issues, immaturity and young age.

However, a claim that a sentencing court failed to state adequate reasons on the record for the sentence imposed has been held to raise a

substantial question. ***See Commonwealth v. Krysiak***, 535 A.2d 165, 168 (Pa. Super. 1987). Thus, we will address Webster's claim in this regard.

The trial court addressed Webster's second claim, and determined that it lacks merit. ***See*** Trial Court Opinion, 12/9/14, at 5-8; ***see also*** N.T. (Post-Sentence Motion), 5/1/14, at 51-55; N.T. (Sentencing), 3/27/14, at 40-44. We concur with the reasoning of the trial court, and affirm on this basis as to this issue. ***See*** Trial Court Opinion, 12/9/14, at 5-8.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/25/2015

Circulated 11/06/2015 02:35 PM

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA          )
                                      )
          vs.                         ) CC No. 2013-05521
                                      )
KATELYN WEBSTER,                      )
                                      )
          Defendant.                  )
                                      )

**OPINION**

Mariani, J.

This is a direct appeal wherein the defendant appeals the Judgment of Sentence of September 23, 2013, which became final when this Court denied defendant's Motion for Reconsideration on May 1, 2014.    Defendant filed a timely Notice of Appeal and Concise Statement of Matters Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) alleging that this Court erred by not transferring this case to the Juvenile Division of the Court of Common Pleas after defendant's guilty plea and that the sentence imposed in this case was manifestly excessive.

On September 23, 2013, the defendant entered a general plea of guilty to the information filed in this case charging false reports, perjury and false swearing.  After the guilty plea, on October 3, 2013, the defendant filed a motion to transfer her case to the Juvenile Division of the Court of Common Pleas due to the fact that the false reports offense to which she pled guilty occurred when the defendant was 17 years old.   The Commonwealth of Pennsylvania objected to the motion and sought to withdraw that lone

count. A sentencing proceeding occurred on March 27, 2014. During sentencing, this Court granted the Commonwealth's request to withdraw the false reports count. This Court then sentenced the defendant to a term of imprisonment of not less than one year less one day to not more than 2 years less 2 days, followed by 3 years of probation. This Court also ordered restitution in the amount of $15,000.

The facts of the underlying case are as follows: The defendant was born on July 15, 1994. On June 3, 2012, detectives from the Allegheny County Police Department were dispatched to Washington Hospital for a report of a sexual assault. The defendant, who was then 17 years old, reported to detectives that she had been raped by the victim in this case.[1] The victim was arrested and charged with rape. The defendant turned 18 years old on July 15, 2012. On August 6, 2012, a preliminary was held and the defendant testified under oath that the victim raped her, touched her breasts and buttocks and physically assaulted her in the parking lot of a local swimming pool. All charges were held for court and an additional charge of unlawful restraint was added by the Commonwealth.

The victim's criminal trial was scheduled for March 20, 2013. Prior to the trial, two witnesses came forward and advised law enforcement that the defendant had asked them to lie and tell people that they were with the defendant at the pool on June 3, 2012. Initially, the witnesses did not understand why they were being asked to lie. However, when they learned that the defendant claimed she was the victim of a sexual assault on

---

[1] This Court will not identify the alleged victim by name due to the sensitive nature of the false and inflammatory allegations made against him.

that date, they decided to come forward. These witnesses advised that the defendant was with them on June 2, 2012 and June 3, 2012. They had been at a club, Club Zoo, and spent the night at another individual's house. While the defendant was at the other individual's house on June 3, 2012, she voluntarily had sexual intercourse with a young male, not the victim, and she sustained "sucker bites" during the interlude. On March 16, 2013, detectives interviewed the defendant about this information. Although the defendant initially persisted in making the false accusations against the victim, eventually the defendant admitted that she had never been sexually assaulted by the victim. She acknowledged that she fabricated the story about the victim so that she would not get into trouble with her father because of the "sucker bites" she received while having voluntary sexual intercourse with another young male.

As a result of the false claims made by the defendant, the victim was arrested at the home he shared with his parents at 2:00 a.m. Despite having just had shoulder surgery, he was placed in handcuffs and transported to the Allegheny County Jail. He was incarcerated there for three nights prior to being released on house arrest. He was required to live with his grandparents in Allegheny County due to the fact that his parents resided in Washington County. As a result of his arrest, he lost his job. According to the victim, the arrest ruined his life for nine months. His family incurred expenses in the amount of $34,295.30 in helping to prepare for their son's defense.

Defendant first claims that this Court erred by not transferring her case to juvenile court. The trial record clearly establishes that the defendant pled guilty to three offenses

3

in this case, one of which occurred when she was a juvenile, or a "child" pursuant to 42 Pa.C.S.A. §6302 and 42 Pa.C.S.A. §6322, and two of which clearly occurred when she was an adult. As the record reflects, this Court believed that it had no option but to grant the Commonwealth's motion because it did not believe that an offense charging the defendant with making false reports at a time when she was a juvenile was properly before the Criminal Division of the Court of Common Pleas.[2] See §6321(a)(3)(providing that a proceeding for a delinquent act committed by a minor should be commenced by the filing of a petition pursuant to the Juvenile Act). That count having been removed from this case, all that remained for disposition were two counts which were alleged to have occurred when the defendant was an adult.

This Court is not aware of, and the defendant did not supply, any legal authority permitting this Court to transfer two adult convictions to the Juvenile Division of the Court of Common Pleas for disposition. The Juvenile Act, as set forth in 42 Pa.C.S.A. §6322, provides:

> (a) GENERAL RULE.-- Except as provided in 75 Pa.C.S. § 6303 (relating to rights and liabilities of minors) or in the event the child is charged with murder or any of the offenses excluded by paragraph (2)(ii) or (iii) of the definition of "DELINQUENT ACT" in section 6302 (relating to definitions) or has been found guilty in a criminal proceeding, if it appears to the court in a criminal proceeding that the defendant is a child, this chapter shall immediately become applicable, and the court shall forthwith halt further criminal proceedings, and, where appropriate, transfer the case to the division or a judge of the court assigned to conduct juvenile hearings, together with a copy of the accusatory pleading and other papers,

---

[2] The defendant does not claim on appeal that this Court erred by granting the Commonwealth's motion to withdraw that count.

4

documents, and transcripts of testimony relating to the case. If it appears to the court in a criminal proceeding charging murder or any of the offenses excluded by paragraph (2)(ii) or (iii) of the definition of "DELINQUENT ACT" in section 6302, that the defendant is a child, the case may similarly be transferred and the provisions of this chapter applied. In determining whether to transfer a case charging murder or any of the offenses excluded from the definition of "DELINQUENT ACT" in section 6302, the child shall be required to establish by a preponderance of the evidence that the transfer will serve the public interest. In determining whether the child has so established that the transfer will serve the public interest, the court shall consider the factors contained in section 6355(a)(4)(iii) (relating to transfer to criminal proceedings).

In this case, the defendant was not a "child", as that term is defined in 42 Pa.C.S.A. §6302 and used in 42 Pa.C.S.A. §6322, at the time she committed the offenses of perjury and false swearing. She was 18 years old. There is no authority to transfer a case of an adult to juvenile court for disposition. According to the plain letter of the law, this claim fails.

Defendant next claims that this Court erred by sentencing the defendant in the aggravated range of the sentencing guidelines because it failed to provide sufficient reasons for the sentence. For the following reasons, this appeal lacks merit.

A sentencing judge is given a great deal of discretion in the determination of a sentence, and that sentence will not be disturbed on appeal unless the sentencing court manifestly abused its discretion." Commonwealth v. Boyer, 856 A2d 149, 153 (Pa. Super. 2004), citing Commonwealth v. Kenner, 784 A.2d 808, 811 (Pa.Super. 2001)

5

appeal denied, 568 Pa. 695, 796 A.2d 979 (2002); 42 Pa.C.S.A. §9721. An abuse of discretion is not a mere error of judgment; it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. See Commonwealth v. Flores, 921 A.2d 517, 525 (Pa.Super. 2007), citing Commonwealth v. Busanet, 817 A.2d 1060, 1076 (Pa. 2002).

Furthermore, the "[s]entencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." Boyer, supra, quoting Commonwealth v. Moore, 617 A.2d 8, 12 (1992). Discretion is limited, however, by 42 Pa.C.S.A. §9721(b), which provides that a sentencing court must formulate a sentence individualized to that particular case and that particular defendant. Section 9721(b) provides: "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense, as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant . . . . " Boyer, supra at 153, citing 42 Pa.C.S.A. §9721(b). Furthermore,

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigative report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

Boyer, supra at 154, citing Commonwealth v. Burns, 765 A.2d 1144, 1150-1151 (Pa.Super. 2000) (citations omitted).

6

In fashioning an appropriate sentence, courts must be mindful that the sentencing guidelines "have no binding effect, in that they do not predominate over individualized sentencing factors and that they include standardized recommendations, rather than mandates, for a particular sentence." Commonwealth v. Walls, 592 Pa. 557, 567, 926 A.2d 957, 964 (2007). A sentencing court is, therefore, permitted to impose a sentence outside the recommended guidelines. If it does so, however, it "must provide a written statement setting forth the reasons for the deviation...." Id., 926 A.2d at 963.

A sentencing judge can satisfy the requirement of placing reasons for a particular sentence on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors. Boyer, supra, citing Burns, supra, citing Commonwealth v. Egan, 451 Pa.Super. 219, 679 A.2d 237 (1996).

The record in this case supports the sentence imposed by this Court. Contrary to the allegations made by the defendant, the sentencing record reflects that this Court did consider the presentence report and it set forth a number of reasons explaining its sentence. This Court noted that the original false allegation of rape was made by the defendant in June, 2012. After she became an adult, she took an oath to tell the truth and persisted in her pattern of lies and deceit by testifying falsely during a preliminary hearing that the victim raped her. She enlisted two friends to lie on her behalf to perpetuate the very serious lies. This Court noted at sentencing that it viewed the harm

7

caused to the victim in this case by the false allegations of rape was "about as high a level" of a false accusation that could be made. The false allegation led people to believe that the victim abused the defendant in a "very, very nasty way that requires a hands-on violation of somebody else's person, a nasty, nasty accusation, and it does go to the issue of victim impact." This Court considered that the defendant attempted to enlist others to go along with her lies and only admitted to her false allegations after those witnesses came forward. In this Court's estimation, the defendant would have followed through on the false allegations had her lies not been exposed. This Court considered the presentence report which noted that the victim was rousted at his home at 2:00 a.m. when he was arrested. He was handcuffed despite having recently undergone shoulder surgery. He was housed in the Allegheny County Jail for three days and was subjected to house arrest. For almost a year, he lived with the emotional impact of being falsely accused of rape and facing the real possibility of receiving a stiff prison sentence. He lost his job and friends. Based on the circumstances of this case, the sentence imposed on this defendant, which was a county sentence, was hardly excessive and this Court provided ample reasons for it on the record.

For the foregoing reasons, the Judgment of Sentence should be affirmed.

By the Court:

Date: _December 9, 2014_      _____

                                                    J.

8