J-S19008-16

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RUSHQUAN MATTHEWS, | |
| Appellant | No. 1320 EDA 2015 |

Appeal from the Judgment of Sentence Entered April 15, 2015
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001613-2014

BEFORE:  BENDER, P.J.E., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED APRIL 19, 2016**

Appellant, Rushquan Matthews, appeals from the judgment of sentence of 9½ to 30 years' incarceration, imposed after he pled guilty to attempted murder.  Appellant raises one issue challenging the discretionary aspects of his sentence.  Additionally, his counsel, Michael E. Brunnabend, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant entered a guilty plea to attempted murder on March 9, 2015, based on the following facts.  On January 10, 2014, Appellant and the victim, Thomas Rispoli, agreed to meet so that Rispoli could sell marijuana to Appellant.  N.T. Plea, 3/9/15, at 5.  During the drug transaction, Appellant

demanded Rispoli's money and an argument ensued. *Id.* at 6. Appellant ultimately shot Rispoli in the jaw, with the bullet ending up lodged in Rispoli's neck. *Id.* Rispoli survived the shooting. *Id.*

Appellant was arrested and charged with various offenses. He and the Commonwealth reached a partially-negotiated plea agreement by which Appellant would plead guilty to attempted murder in exchange for a minimum sentence of 9½ years' incarceration. The parties agreed that the trial court would determine the maximum sentence. During the plea proceeding, Appellant stated that he understood this agreement, and acknowledged that "the maximum [sentence was] up to the [c]ourt." N.T. Plea, 3/9/15, at 3. Appellant entered the guilty plea and sentencing was deferred for a presentence report to be prepared. *Id.* at 7.

Appellant's sentencing hearing was conducted on April 15, 2015. At the conclusion thereof, the court imposed the negotiated, minimum term of 9½ years' incarceration, and a maximum term of 30 years' incarceration. Appellant filed a timely, post-sentence motion for reconsideration of his sentence, arguing that the maximum term of 30 years was "unreasonable, too harsh, or otherwise not justified under the circumstances…." Post-Sentence Motion, 4/23/15, at 1 (unnumbered). Appellant also asserted that the court failed to consider certain mitigating factors, such as Appellant's young age and his efforts to obtain his GED while incarcerated. *Id.* at 2. Additionally, Appellant claimed that the court "over-emphasized the punishment aspect of sentencing to the exclusion of all other appropriate

- 2 -

sentencing factors including, but not limited to, [Appellant's] rehabilitative needs." *Id.* On April 24, 2015, the trial court issued an order denying Appellant's post-sentence motion. Appellant filed a timely notice of appeal, as well as a timely Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant raised one issue challenging the discretionary aspects of his maximum sentence for essentially the same reasons stated in his post-sentence motion.

On October 13, 2015, Attorney Brunnabend filed with this Court a petition to withdraw as Appellant's counsel. Attorney Brunnabend has also filed an *Anders* brief, asserting that Appellant's sentencing issue is frivolous, and that Appellant has no other non-frivolous issues counsel could assert on appeal.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

- 3 -

> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

***Commonwealth v. Orellana****,* 86 A.3d 877, 879-880 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago****,* this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." ***Commonwealth v. Flowers****,* 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Brunnabend's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's sentencing claim, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Brunnabend also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief, and he attaches a detailed letter, directed to Appellant, in which he informs Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if

Appellant's sentencing issue is frivolous, and to ascertain if there are any other non-frivolous issues Appellant could pursue on appeal.

We begin by noting:

A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. Two requirements must be met before we will review this challenge on its merits. First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code. That is, [that] the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. We examine an appellant's [Pa.R.A.P.] 2119(f) statement to determine whether a substantial question exists. Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits.

*Id.* at 886-87 (citations, quotation marks and footnote omitted; emphasis in original).

Here, according to Attorney Brunnabend, Appellant seeks to argue that his maximum sentence is excessive because the court failed to make "reasonable inquiry into the variety of factors required by the Sentencing Code[,]" especially Appellant's rehabilitative needs. ***Anders*** Brief at 14; ***see also*** 42 Pa.C.S. § 9721(b) (requiring the sentencing court to consider "the protection of the public, the gravity of the offense as it relates to the impact

on the life of the victim and on the community, and the rehabilitative needs of the defendant"). Attorney Brunnabend concludes that this sentencing claim does not constitute a substantial question for our review. *See Anders* Brief at 17. In support, Attorney Brunnabend cites *Commonwealth v. Brown*, 587 A.2d 4 (Pa. Super. 1991), where this Court held that when the minimum sentence imposed is within the guideline range, and the maximum sentence imposed "is within the range prescribed by statute," a "challenge to the maximum sentence imposed does not set forth a substantial question as to the appropriateness of the sentence under the guidelines." *Id.* at 6.

While we acknowledge *Brown*, we note that, more recently, this Court found a substantial question warranting review in a claim very similar to that presented by Appellant. *See Commonwealth v. Coulverson*, 34 A.3d 135 (Pa. Super. 2011). In *Coulverson*, "the trial court imposed an aggregate sentence commencing in the standard range of the Sentencing Guidelines, and running to the statutory maximum for each of the offenses on which sentence was imposed[,]" resulting in an aggregate term of 18 to 90 years' imprisonment. *Id.* at 139. On appeal, Coulverson "concede[d] the appropriateness of the lower range of the sentence, but contest[ed] the imposition of multiple statutory maximums." *Id.* Coulverson asserted, *inter alia*, that the aggregate, maximum term was manifestly excessive because the sentence took "no account of his rehabilitative needs and [was] disproportionate to the circumstances when adjudged as a whole." *Id.* at 143. We concluded that Coulverson's claim presented a substantial

- 6 -

question, pointing out that our Court had previously decided "that claims of excessiveness may be justiciable as substantial questions based on the circumstances of the case and the extent to which the appellant's Rule 2119(f) statement suggests the trial court's deviation from sentencing norms." *Id.* (citing **Commonwealth v. Perry**, 883 A.2d 599, 602 (Pa. Super. 2005)).

Here, Attorney Brunnabend notes that, "the [trial] [c]ourt seems to brush aside any significant review of [Appellant's] need for rehabilitation." **Anders** Brief at 14. Additionally, the maximum sentence imposed by the court was over three times the minimum term of incarceration. In light of these circumstances, and guided by our decision in **Coulverson**, we consider Appellant's sentencing claim as constituting a substantial question for our review.

In assessing the merits of a challenge to the discretionary aspects of a sentence, we apply the following standard:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> **Commonwealth v. Rodda**, 723 A.2d 212, 214 (Pa. Super. 1999) (*en banc*) (quotations marks and citations omitted). **See also Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 961 (2007) (citation omitted) ("An abuse of discretion may not be found merely because an appellate court might have reached

- 7 -

a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice bias or ill-will, or such a lack of support as to be clearly erroneous.").

***Coulverson***, 34 A.3d at 143-44.

After reviewing the record of Appellant's sentencing hearing, we ascertain no abuse of discretion by the court in imposing a maximum term of 30 years' imprisonment. During the sentencing proceeding, the trial court stated that it had "received and reviewed the pre-sentence report and attachments." N.T. Sentencing, 4/15/15, at 2. This Court has stated:

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. ***Commonwealth v. Burns***, 765 A.2d 1144, 1150-1151 (Pa. Super. 2000) (citations omitted). Additionally, the sentencing court must state its reasons for the sentence on the record. 42 Pa.C.S.A. § 9721(b). The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors. ***See Burns, supra,*** citing ***Commonwealth v. Egan***, 451 Pa. Super. 219, 679 A.2d 237 (1996).

***Commonwealth v. Boyer***, 856 A.2d 149, 154 (Pa. Super. 2004).

Additionally, at the sentencing hearing, the court heard brief remarks from Appellant, who expressed his remorse for the shooting. N.T. Sentencing at 3. Defense counsel explained to the court that since being incarcerated, Appellant had been taking courses to obtain his GED and

hoped to take college courses in the future. *Id.* at 4. Counsel also confirmed that Appellant was remorseful for what he had done, *id.*, and stated that Appellant "needed to be in treatment [for] longer," or receive some guidance while incarcerated regarding "what he needs to do to be a productive citizen." *Id.* at 6. Ultimately, defense counsel asked the court "to consider something less than the recommendation as far as the maximum [sentence], perhaps a 20-year maximum," to allow Appellant to "improve himself while he's out on supervision when he would get paroled." *Id.*

Before imposing Appellant's sentence, the court stated its reasons for fashioning Appellant's maximum term of incarceration. Notably, the court stressed the seriousness of Appellant's offense, and the danger he posed to the community, by pointing out that Appellant had taken a loaded gun to a drug deal and then shot the victim in the face. *Id.* at 7-8. The court commented that "the only reason [Appellant] stopped firing and this victim is alive is because [his] gun jammed, not because [Appellant] stopped [his] actions in any way." *Id.* at 8. The court also took into account Appellant's juvenile record and the "remarks in the [pre-sentence report,]" which indicated that previous efforts to rehabilitate Appellant had been futile. *Id.* at 8 (court's stating that Appellant's "juvenile remarks in the [pre-sentence report] tell me … we tried. You failed."). Finally, the court cited the pre-sentence report, which stated that, "[t]here is nothing positive to note about this individual." *Id.* (quoting the pre-sentence report). The court

commented to Appellant, "You are 21 years old and that's what's being written about you." *Id.* Based on the information contained in the pre-sentence report and presented at the hearing, the court imposed a maximum sentence of 30 years' imprisonment. *Id.*

We ascertain no abuse of discretion in that decision. The record demonstrates that the court sufficiently considered the statutory factors set forth in 42 Pa.C.S. § 9721(b), and was fully informed of Appellant's prior criminal record, age, personal characteristics, and potential for rehabilitation. While the maximum sentence the court imposed is certainly lengthy, it is not excessive in light of the seriousness of Appellant's offense, the danger he poses to the community, and his failure to stop his criminal conduct after being exposed to the criminal justice system as a juvenile. Accordingly, we agree with Attorney Brunnabend that Appellant's sentencing issue is frivolous, despite reaching that conclusion on a different basis than that expressed by counsel.

We have also independently reviewed the record and agree with Attorney Brunnabend that there are no other non-frivolous claims that Appellant could assert on appeal. Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/19/2016</u>