J-S10009-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                  :  PENNSYLVANIA
                                                  :

v.                      :

RICHARD REESE WORKMAN, JR    :

       Appellant          :   No. 1096 MDA 2021

Appeal from the Judgment of Sentence Entered March 8, 2021
In the Court of Common Pleas of Northumberland County
Criminal Division at CP-49-CR-0001190-2020

BEFORE:   MURRAY, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:          **FILED MARCH 31, 2022**

Richard Reese Workman, Jr. (Appellant) appeals from the judgment of sentence imposed after he pled guilty to one count each of recklessly endangering another person, flight to avoid apprehension, possession of a controlled substance, and possession of a small amount of marijuana.[1] Appellant challenges the discretionary aspects of his sentence. We affirm.

Appellant entered an open guilty plea to the above charges on December 14, 2020. The trial court deferred sentencing for the preparation of a presentence investigation (PSI) report. On March 8, 2021, the trial court sentenced Appellant to an aggregate 1½ - 4 years in prison, with credit for 203 days of time served (comprised of 1-2 years at Count 5 for recklessly

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2705, 5126(a); 35 P.S. §§ 780-113(a)(16), (a)(31).

endangering another person; 6 months – 2 years at Count 3 for flight to avoid prosecution, consecutive to Count 5; 6 – 12 months at Count 7 for possession of a controlled substance, concurrent to Count 5; and costs and fines at Count 6 for possession of a small amount of marijuana).  *See* N.T., 3/8/21, at 3-4.

Appellant filed a timely post-sentence motion, which the court denied by operation of law.  *See* Order, 7/13/21; *see also* Pa.R.Crim.P. 720(B)(3)(b).  Appellant timely appealed.  Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

Appellant presents two issues for review:

a. [Did the trial court fail] to adequately weigh the standards set forth in 42 Pa.C.S.A. § 9721(b) when imposing an excessive aggregate sentence of eighteen (18) to forty-eight (48) months' state imprisonment for a guilty plea to the aforesaid charge(s)[?]

b. [Did the trial court abuse its discretion when it] improperly failed without explanation to provide reason(s) for not considering the least restrictive sentencing alternative(s) encompassed within the [PSI] Report prepared by the Northumberland County PA Adult Probation Office in accordance with 42 Pa.C.S.A. § 9721(b); which recommended a standard range sentence of three (3) to fourteen (14) months' imprisonment for a guilty plea to each of one (1) count of Recklessly Endangering Another Person under 18 Pa.C.S.A. § 2705 and one (1) count of Possession of a Controlled Substance under 35 P[.S.] § 780-113(a)(16) to be run concurrent with each other in combination with a probation level (RS-6) sentence for a guilty plea to one (1) count of Flight to Avoid Apprehension under 18 Pa.C.S.A. § 5126(a) and a fine for one (1) count of Possession of a Small Amount of Marijuana under 35 P[.S.] § 780-113(a)(31), all with [Appellant] receiving credit of two-hundred-three (203) days for time served with eligibility for immediate parole in this case[?]

Appellant's Brief at 8-9 (emphasis omitted).[2]

Appellant challenges the discretionary aspects of his sentence.[3] "The right to appellate review of the discretionary aspects of a sentence is not absolute[.]" ***Commonwealth v. Zirkle***, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

Pertinently:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test[.] We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[2] The Commonwealth has not filed a reply brief.

[3] We have explained:

> Generally, upon the entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the "legality" of the sentence imposed. However, where a defendant pleads guilty without any agreement as to sentence, (*i.e.* an open plea), the defendant retains the right to petition this Court for allowance of appeal with respect to the discretionary aspects of sentencing….

***Commonwealth v. Heaster***, 171 A.3d 268, 271 (Pa. Super. 2017) (citations omitted). Because Appellant entered an open plea, his claim challenging the discretionary aspects of sentencing is not waived.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citing

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)).

Appellant has timely filed a notice of appeal and preserved his sentencing claim in a post-sentence motion. ***See*** Post-Sentence Motion, 3/12/21. Also, he included in his brief the requisite concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). Appellant's Brief at 13. We therefore examine whether Appellant has raised a substantial question.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." ***Commonwealth v. Ahmad***, 961 A.2d 884, 886-87 (Pa. Super. 2008). Allowance of appeal will be permitted only when the appellate court determines there is a substantial question that the sentence is not appropriate under the Sentencing Code. ***Commonwealth v. Hartle***, 894 A.2d 800, 805 (Pa. Super. 2006). "A substantial question exists where an appellant sets forth a plausible argument that the sentence violates a particular provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Id***.

In his Pa.R.A.P. 2119(f) statement, Appellant asserts the trial court "improperly failed without explanation to provide reason(s) for not considering the least restrictive sentencing alternative(s) encompassed within the [PSI] Report," which recommended that the sentences run concurrently. Appellant's Brief at 13. Further, he argues the court failed to "adequately

weigh the standards set forth in 42 Pa.C.S.A. [§] 9721(b) when imposing an excessive aggregate sentence" of 1½ - 4 years in prison. *Id*. at 15. This Court has held that a defendant raises a "substantial question by alleging that the sentencing court did not sufficiently state its reasons for the sentence." ***Commonwealth v. McNabb***, 819 A.2d 54, 56 (Pa. Super. 2003). We therefore review Appellant's substantive argument.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion .... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Moury*, 992 A.2d at 169–70 (citation omitted).

A sentencing court is statutorily required to disclose in open court the reasons for the sentence imposed. *See* 42 Pa.C.S.A. § 9721(b) ("In every case in which the court imposes a sentence for a felony or misdemeanor, ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reasons for the sentence imposed."). However, the court "is not required to parrot the words of the Sentencing

Code, stating every factor that must be considered under Section 9712(b)[.]"
***Commonwealth v. Antidormi***, 84 A.3d 736, 761 (Pa. Super. 2014). The sentencing court "can satisfy this disclosure requirement by indicating, on the record, that he has been informed by a [PSI]." ***Commonwealth v. Egan***, 679 A.2d 237, 239 (Pa. Super. 1996).

Here, our review discloses that although the trial court did not "place on the record" its reasons for imposing Appellant's sentence, it referred to the PSI, stating, "I'm going to sentence [Appellant] according to the recommendation through the [PSI] … ." N.T., 3/8/21, at 3. Because the court relied upon the PSI and sentenced Appellant within the guidelines, it did not abuse its discretion. ***Egan***, ***supra*** at 239; ***see also Commonwealth v. Fowler***, 893 A.2d 758, 766 (Pa. Super. 2006) (rejecting claim that the court abused its discretion by imposing the sentence without stating adequate reasons on the record, and holding that "[s]ince the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence[.]"). No relief is due.[4]

Judgment of sentence affirmed.

---

[4] We could also deny relief because Appellant's conclusory argument is undeveloped and fails to cite legal authority to support his sentencing claim. ***See*** Pa.R.A.P. 2119 (the argument section shall include a "discussion and citation of authorities as are deemed pertinent"). Although we could dismiss on this basis, we decline to do so. ***See*** Pa.R.A.P. 2101.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/31/2022