J-S65036-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL DENNIS, | : | |
| | : | |
| Appellant | : | No. 3857 EDA 2016 |

Appeal from the PCRA Order November 28, 2016
in the Court of Common Pleas of Montgomery County,
Criminal Division, No(s):  CP-46-CR-0004749-2011

BEFORE:  OLSON, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 12, 2017**

Michael Dennis ("Dennis") appeals from the Order denying his Petition

for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court summarized the relevant history underlying the instant

appeal as follows:

> [O]n January 10, 2013, a jury convicted Dennis of six counts each
> of possession with intent to deliver and simple possession, four
> counts of criminal use of communications facility and one count
> each of corrupt organizations, dealing in proceeds of unlawful
> activities and criminal conspiracy.[2]  These convictions arose out
> of an investigation that spanned from April of 2011, through May
> of 2011, conducted by the Montgomery County Detective Bureau,
> along with the Tredyffrin Township Police Department.  The
> investigation included a wiretap and video surveillance, and
> uncovered a large and sophisticated cocaine distribution ring.  The
> drug ring was centrally operated out of A & L Head's Up Hair Studio
> at 932 Upper Gulph Road, Tredyffrin Township, Chester County,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] **See** 35 P.S. § 780-113(a)(30), (16); 18 Pa.C.S.A. §§ 7512, 5111(a), 911,
and 903(a).

Pennsylvania. Dennis was convicted for his major role in the drug distribution organization.

On April 1, 2013, Dennis was sentenced to an aggregate term of 21 to 42 years' imprisonment, which was based[,] in part, on a mandatory minimum sentencing scheme. On direct appeal, our Superior Court vacated the judgment of sentence and remanded for re-sentencing[,] because the mandatory minimum scheme had been held to be unconstitutional under **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013). In all other respects, the judgment of sentence was affirmed.

On November 20, 2014, [the trial court] resentenced Dennis to an aggregate term of 18 to 36 years' imprisonment. A post-sentence [M]otion was not filed. Dennis appealed to our Superior Court, appealing the discretionary aspects of his sentence. The Superior Court found this issue [to be] waived[,] because it was not preserved with a post-sentence motion. **See**[] **Commonwealth v. Dennis**, 3542 EDA 2014 p. 5 (May 6, 2016) (unpublished). … No further review was sought.

PCRA Court Opinion, 2/17/17, at 1-2.

The PCRA court appointed the Office of the Public Defender ("OPD") to represent Dennis. However, due to a conflict, the attorney from the OPD withdrew, and the PCRA court appointed Joseph Hylan, Esquire ("PCRA counsel"), to represent Dennis. PCRA counsel filed a Petition to withdraw from representation, pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA Court issued a Notice pursuant to Pa.R.Crim.P. 907 notifying Dennis of its intention to dismiss Dennis's PCRA Petition without a hearing. Dennis filed a *pro se* Response to the Notice, claiming that his sentencing counsel rendered ineffective assistance by not preserving a challenge to the

- 2 -

discretionary aspects of sentencing for review during direct appeal. Dennis did not claim that his PCRA counsel rendered ineffective assistance.

On November 28, 2016, the PCRA court denied Dennis's PCRA Petition. Dennis, represented by private counsel, timely filed a Notice of Appeal, and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Dennis presents the following claim for our review: "Did the PCRA court err by failing to review one of [Dennis's] stated claims and allowing counsel to withdraw after he had previously failed to address the claim in his *Finley* letter?" Brief for Appellant at 4.

Dennis claims that the PCRA court improperly permitted his PCRA counsel to withdraw, where the court and PCRA counsel had failed to address one of his claims. *Id.* at 6. Dennis asserts that his PCRA counsel failed to meet the standards required to withdraw from representation, and the PCRA court improperly failed to conduct its own independent review of the case. *Id.* at 8. Dennis directs our attention to an "affidavit" secured from his brother, a co-defendant, after trial. *Id.* According to Dennis, his brother acknowledged that Dennis had no knowledge of or involvement with the drugs found in the apartment next to the barbershop. *Id.* This claim was not addressed in PCRA counsel's *Finley* letter. *Id.* Dennis challenges the PCRA court's determination that the "affidavit" is not exculpatory, because "this is the kind of determination that should only be made after counsel's advocacy

- 3 -

and after a more thorough, independent review before a petition is dismissed." *Id.*

Dennis further directs our attention to the evidence of record, which, he argues, is not overwhelming. *Id.* at 9. Specifically, Dennis states that only six of the 300 intercepted telephone calls involved him discussing "innocuous things" with his brother; he was only seen in or near the barbershop for a total of less than thirty minutes; and he was not seen making "verifiable" sales. *Id.* Under these circumstances, Dennis claims, the "affidavit" from his brother could have affected the verdict. *Id.*

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

In its Opinion, the PCRA court addressed Dennis's claim and concluded that it lacks merit. *See* PCRA Court Opinion, 2/17/17, at 5-13. We agree with the sound reasoning of the PCRA court, as set forth in its Opinion, and affirm on this basis as to Dennis's claim. *See id.*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/12/2017

IN THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY
PENNSYLVANIA
CRIMINAL DIVISION



| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | CP-46-CR-0004749-2011 |
| V. | : | |
| MICHAEL F. DENNIS | : | 3857 EDA 2016 |

## OPINION

CARPENTER   J.                                             FEBRUARY 16, 2017

### FACTUAL AND PROCEDURAL HISTORY

Appellant, Michael F. Dennis ("Dennis"), has filed this counseled appeal from the Final Order of Dismissal dated November 28, 2016, dismissing his petition seeking collateral relief pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546. The dismissal was based upon PCRA counsel's Turner/Finley[1] no merit letter, this Court's independent review of the record and Dennis' response to the Pa.R.Crim.P. 907 pre-dismissal notice.

By way of a brief background, on January 10, 2013, a jury convicted Dennis of six counts each of possession with intent to deliver and simple possession, four counts of criminal use of communications facility and one count each of corrupt organizations, dealing in proceeds of unlawful activities and criminal conspiracy. These convictions arose out an investigation that

---

[1] Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988).

spanned from April of 2011, through May of 2011, conducted by the Montgomery County Detective Bureau, along with the Tredyffrin Township Police Department. The investigation included wiretap and video surveillance, and uncovered a large and sophisticated cocaine distribution ring. The drug ring was centrally operated out of A & L Head's Up Hair Studio at 932 Upper Gulph Road, Tredyffrin Township, Chester County, Pennsylvania. Dennis was convicted for his major role in the drug distribution organization.

On April 1, 2013, Dennis was sentenced to an aggregate term of 21 to 42 years' imprisonment, which was based in part, on a mandatory minimum sentencing scheme. On direct appeal, our Superior Court vacated the judgment of sentence and remanded for re-sentencing because the mandatory minimum scheme had been held to be unconstitutional under Alleyne v. United States, 133 S.Ct. 2151 (U.S. 2013). In all other respects the judgment of sentence was affirmed.

On November 20, 2014, this Court resentenced Dennis to an aggregate term of 18 to 36 years' imprisonment. A post-sentence motion was not filed. Dennis appealed to our Superior Court, appealing the discretionary aspects of his sentence. The Superior Court found this issue waived because it was not preserved with a post-sentence motion. See, Commonwealth v. Dennis, 3542 EDA 2014 p. 5 (May 6, 2016) (unpublished). The Superior Court affirmed the judgment of sentence on May 6, 2016. No further review was sought.

On July 20, 2016, Dennis filed a timely *pro se* PCRA petition, at issue in this appeal. The Public Defender's Officer of Montgomery County was

2

appointed to assist Dennis with his petition; however, due to a conflict of interest the Public Defender's Officer was permitted to withdraw and new private PCRA counsel, Joseph Hylan, was appointed on August 16, 2016. On October 14, 2016, PCRA counsel filed a Petition for Permission to Withdraw as Counsel and attached his Turner/Finley no merit letter, having found no meritorious issues to pursue. This Court reviewed the no merit letter, conducted an independent review of the record and issued a Pa.R.Crim.P. Rule 907 pre-dismissal notice dated October 17, 2016. The Rule 907 notice informed Dennis of this Court's intention to dismiss his PCRA petition without a hearing and informed him of his right to respond to the notice.[2] Dennis did file a *pro se* response on November 8, 2016, asserting ineffective assistance of counsel in failing to properly preserve his discretionary aspects of sentence issues on direct appeal. He did not claim or assert in any way that PCRA counsel was ineffective. The Final Order of Dismissal dated November 28, 2016 was issued.

On December 14, 2016, Dennis filed a counseled Notice of Appeal. A concise statement of errors complained of on appeal was also filed in which Dennis' new counsel set forth the issues he is raising in this appeal. There are two issues and they read as follows:

> This Court erred by allowing counsel to withdraw
> from representing Defendant in litigating his PCRA
> petition through a Finley letter because counsel did
> not accurately and adequately address Defendant's
> claim that sentencing and appellate counsel were
> ineffective for failing to preserve Defendant's
> discretionary sentencing challenge through a post-

---

[2] The order dated October 17, 2016, also permitted PCRA counsel to withdraw.

3

sentence motion and then again in a Rule 1925 statement. Instead, in his Finley letter, PCRA counsel incorrectly recounted Defendant's first appeal to the Superior Court at 106 A.3d 178 (Pa.Super. 2013)(unpublished), but did not address Defendant's actual claim with respect to the appeal at 3542 EDA 2014. This claim was specifically raised by Defendant in the pro se petition filed on July 18, 2016. It is also respectfully averred that this Court's independent review of the pleadings was inadequate and in error for failing to recognize PCRA counsel's deficiency in this regard.

This Court erred by allowing counsel to withdraw from representing Defendant in litigating his PCRA petition through a Finley letter because counsel did not accurately and adequately address, or investigate, Defendant's claim that another individual was aware that he did not own, possess, or control any of the drugs in question. The affidavit supporting this claim from Anthony Dennis was attached to Defendant's July 18, 2016 pro se PCRA petition. PCRA counsel was duty-bound to investigate this affidavit and claim by failed to do so, and indeed did not reference this affidavit and claim but failed to do so, and indeed did not reference this affidavit in his Finley letter. It is also respectfully averred that this Court's independent review of the pleadings was inadequate and in error for failing to recognize PCRA counsel's deficiency in this regard.

## ISSUES

The issues on appeal as outlined above have been reformatted so that they may be reviewed in a concise fashion.

I.     Whether Dennis' ineffectiveness of PCRA counsel claims are waived, when they were not raised prior to this appeal.

II.    Whether this Court's conducted an proper independent review of the pleadings, when granting PCRA counsel's request to withdraw.

4

## DISCUSSION

The standards for reviewing the PCRA court's denial of a PCRA claim are as follows:

> [A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

Commonwealth v. Charleston, 94 A.3d 1012, 1018-19 (Pa. Super. 2014) (some citations omitted).

I.  Dennis' ineffectiveness of PCRA counsel claims are waived, when they were not raised prior to this appeal.

Dennis' appellate issues are waived to the extent that they challenge PCRA counsel's stewardship of the PCRA proceedings because of his failure to raise these assertions of ineffectiveness in response to this Court's Rule 907 notice. "[W]hen counsel files a Turner/Finley no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss." Commonwealth v. Ford, 44 A.3d 1190, 1198 (Pa.Super. 2012); see also Commonwealth v. Rykard, 55 A.3d 1177, 1186 (Pa.Super.2012), ("Pursuant to [Commonwealth v. Pitts, 981 A.2d 875 (2009) ], a petitioner waives issues of PCRA counsel's effectiveness regarding Turner/Finley requirements if he declines to respond to the PCRA court's notice of intent to dismiss."). Here,

5

Dennis did file a response to this Court's Rule 907 notice; however, the only issue that Dennis raised was that of the alleged ineffectiveness of appellate counsel in failing to file a post-sentence motion challenging the discretionary aspects of sentencing, so the issue would not have been waived on appeal. Dennis did not raise any issue regarding PCRA counsel's handling of his PCRA petition. Accordingly, while this 1925(a) Opinion will address his appellate issue that this Court erred in permitting PCRA counsel to withdraw pursuant to Turner and Finley, it will not address Dennis' allegations of PCRA alleged ineffectiveness.

II.    This Court's conducted an proper independent review of the pleadings, when granting PCRA counsel's request to withdraw.

When reviewing the PCRA court's decision to relieve counsel from representation of a petitioner, we consider the following principles. A PCRA petitioner has a rule-based right to counsel in a first PCRA proceeding. Commonwealth v. Figueroa, 29 A.3d 1177, 1180 (Pa.Super. 2011). Generally, counsel's duty is either to amend a pro se petition or to seek withdrawal from representation if he finds no merit to the petition. Commonwealth v. Karanicolas, 836 A.2d 940, 946 (Pa.Super. 2003). "The Turner/Finley decisions provide the manner for post-conviction counsel to withdraw from representation." Commonwealth v. Rykard, 55 A.3d 1177, 1184 (Pa. Super. 2012). Under Turner/Finley,

> [i]ndependent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:

6

> 1) A "no-merit" letter by PC[R]A counsel detailing the nature and extent of his review;
> 2) The "no-merit" letter by PC[R]A counsel listing each issue the petitioner wished to have reviewed;
> 3) The PC[R]A counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
> 4) The PC[R]A court conducting its own independent review of the record; and
> 5) The PC[R]A court agreeing with counsel that the petition was meritless.

Commonwealth v. Widgins, 29 A.3d 816, 817-18 (Pa.Super. 2011) (citations omitted). A claim based on legal error in PCRA counsel's withdrawal from representation, "although necessarily discussing PCRA counsel's alleged ineffectiveness, is not an ineffectiveness claim." Rykard, 55 A.3d at 1184.

a. Discretionary aspects of sentencing

On appeal, Dennis contends that this Court erred in its independent review of the pleadings and in permitting PCRA counsel to withdraw because counsel did not accurately and adequately address his claim that sentencing and appellate counsel were ineffective for failing to preserve his discretionary sentencing challenge through a post-sentence motion. Dennis argues in support thereof that PCRA counsel incorrectly recounted Defendant's first appeal to the Superior Court at 106 A.3d 178 (Pa.Super. 2013) (unpublished), but did not address Defendant's actual claim with respect to the appeal at 3542 EDA 2014. However, PCRA counsel's Turner/Finley letter belies these allegations.

While it is true that PCRA counsel addressed the alleged ineffectiveness of Dennis' appellate counsel in his first appeal, noting that

7

counsel was actually successful in that appeal by advocating for resentencing based upon <u>Alleyne</u>, he *also* addressed Dennis' allegation that he raised in his *pro se* PCRA petition and now on appeal, namely that the sentence he received upon re-sentencing on November 20, 3014, was harsh and excessive. In fact, PCRA counsel's analysis was nearly two pages in length, explaining to Dennis why even if a post-sentence motion was filed in appeal 3542 EDA 2014 and the issue had been properly preserved, the underlying issue challenging the discretionary aspects of his sentence lacks merit and the appeal of this issue would not be successful. Therefore, this Court properly permitted PCRA counsel to withdraw on the basis of his <u>Tuner/Finley</u> letter.

This Court's independent analysis concluded the same as did PCRA counsel; that the imposed sentence was proper and would survive a challenge to the discretionary aspects on appeal.

Assuming *arguendo* the issue was properly preserved and it raised a substantial question so that the Superior Court agreed to review it, the issue lacks merit, our appellate court's standard of review of a challenge to the discretionary aspects of sentence is well-settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

8

Commonwealth v. Antidormi, 84 A.3d 736, 760 (Pa.Super. 2014).

On November 20, 2014, a re-sentencing hearing was held, and at the time this Court incorporated all of its prior remarks, reasons and logic from the original sentencing on April 1, 2013, for the 18 to 36 years' of imprisonment it was about to impose. On April 1, 2013, this Court explained its sentence as follows:

> Well, the Court does have the benefit of a presentence investigation and report, which I have carefully considered in this matter, along with the Sentencing Code and sentencing guidelines, the information supplied today by counsel, and in advance by way of letters.
>
> It is true that Mr. Dennis does enjoy the support of family and friends even after his conviction for these numerous felony offenses.
>
> As pointed out by the Commonwealth, he does have three prior convictions. On each occasion he was placed on probation; never violated probation and never has served a prison sentence, according to the report.
>
> ***
>
> The report does set forth his social history. He did have the benefit of an average childhood, according to him; that is without the benefit of a present father. He is in good physical health; has no history of mental problems. He reported that he had been sexually abused at age eight by two separate baby-sitters. This lasted for a period of time. Denied using drugs or alcohol. He graduate from Conestoga High School and went to Florida Atlantic University and Central State University. He has been someone who has been productively employed in different activities.

9

The Wisconsin Risk Assessment here is a needs score of 14 and a risk score of 14. They list positive and certain potential areas for concern.

What we are dealing with is, of course, a very, very large cocaine distribution organization. The defendant was a central part in that. This operated over a considerable period of time. He was instrumental in putting large quantities of cocaine into the hands of lesser drug dealers and ultimately drug addicts. Quite clearly, this is a significant danger to society.

He clearly needs a lengthy prison sentence as punishment for the length and breadth of his criminal activity, and also to stand as a deterrent to others who might look at this as something they might want to do. Eventually you are going to be caught if you engage in this activity. His engagement in this activity was of a larger scale and any lesser sentence would depreciate the seriousness of this crimes he committed and been convicted of. Clearly, a consecutive sentence is appropriate here.

(Sentencing 4/1/13 pp. 48 – 50).

Factors to be considered when determining a defendant's sentence include the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing. Commonwealth v. Scott, 860 A.2d 1029, 1032 (Pa.Super. 2004). The sentence imposed must be consistent with the protection of the public, the gravity of the offense and the rehabilitative needs of the defendant. Id. "Where pre-sentence reports exist, we shall ... presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself." Commonwealth v. Devers, 519 Pa. 88, 546 A.2d 12, 18

10

(1988). Further, "[h]aving been fully informed by the presentence report, the sentencing court's discretion should not be disturbed." Id.; see also, Commonwealth v. Egan, 679 A.2d 237, 239 (Pa.Super. 1996) (The court is required to place its reasons for the sentence on the record and this requirement can be satisfied by indicating it has reviewed a pre-sentence report).

As the cited record reflects, this Court did consider all of the relevant factors. Accordingly, Dennis' sentence was proper. Accordingly, counsel cannot be ineffective because the underlying issue lacks merit.

b. Undated Letter purportedly from Anthony Dennis attached to pro se PCRA petition.

Lastly, it is averred that this Court's erred in its independent review of the pleadings and in permitting PCRA counsel to withdraw because PCRA counsel did not address the "affidavit" by Anthony Dennis which was attached to his *pro se* PCRA petition.

Attached to Dennis' *pro se* PCRA petition is an undated letter purportedly from Anthony Dennis. It is not notarized or verified in any way; therefore, it is not an affidavit as characterized by appellate counsel. It is simply a letter which states that the drugs found in the apartment next to the barber shop did not belong to Dennis; rather they belonged to Anthony Dennis, the purported author of the letter. It is also stated that Anthony Dennis would testify to this at Dennis' next sentencing hearing. It is important to note that

11

Anthony Dennis was charged and pled guilty for his role as the king pin in the same drug ring. Anthony Dennis is also Dennis' brother.

Frist, PCRA counsel had no duty to investigate this letter. While it is the duty of the lawyer to investigate the circumstances of the case, counsel is required to pursue only that information which he knows or has reason to know would be helpful to the defense. Commonwealth v. Fierst, 620 A.2d 1196, 1204 (Pa.Super. 1993). Here, even if assuming the letter is what it purports to be, a letter from Dennis' brother, Anthony Dennis, it would not have helped the defense because there was an overwhelming amount of evidence presented at trial, wiretap and video surveillance evidence, the Commonwealth relied on to convict Dennis. The fact that Anthony Dennis is willing to take credit for the drugs found in the apartment next to the barbershop is insignificant.

Even if PCRA counsel had a duty to investigate this purported letter, no prejudice resulted to Dennis in his failure to do so. Assuming PCRA counsel did investigate this letter and determined that it was in fact written by Anthony Dennis and that Anthony Dennis is willing to testify at a new trial that the drugs found in the apartment next to the barbershop belonged to him, PCRA counsel could have done one of three things. First, to address the issue in his no merit letter after finding it to be frivolous; second, assert in an amended PCRA petition that trial counsel was ineffective in failing to present this testimony at trial or third, assert in an amended PCRA petition that this letter is exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced. See 42 Pa.C.S.A.

12

9543(a)(2)(vi). However, there was no prejudice to PCRA counsel's failure to do so. There is no prejudice because even had PCRA counsel investigated the letter and asserted the underlying issue in an amended petition, it would not have changed the outcome of the PCRA proceedings and would not entitle Dennis to post-conviction relief. This Court would have dismissed the amended petition without a hearing because there was neither prejudice from trial counsel's failure to call Anthony Dennis as a witness, a witness of dubious credibility as Dennis' brother and convicted drug dealer, nor is this letter "exculpatory evidence" that would entitle Dennis to a new trial.

## CONCLUSION

Based on the forgoing analysis, the denial of post-conviction relief should be affirmed.

BY THE COURT:

_____
WILLIAM R. CARPENTER    J.
COURT OF COMMON PLEAS
MONTGOMERY COUNTY
PENNSYLVANIA
38TH JUDICIAL DISTRICT

Copies sent on February 16, 2017
**By Interoffice Mail to:**
Court Administration

**By First Class Mail to:**
Todd M. Mosser, Esquire

13