J-S36022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KELLI NORMAN RINI, JR. | : | |
| | : | |
| Appellant | : | No. 969 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 29, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004229-2020

BEFORE: STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KING, J.: **FILED: NOVEMBER 16, 2022**

Appellant, Kelli Norman Rini, Jr., appeals from the judgment of sentence

entered in the Allegheny County Court of Common Pleas, following his bench

trial conviction for indecent assault.[1] We affirm.

In its opinion, the trial court set forth the relevant facts of this case as

follows:

> On February 8, 2020, the victim in this case and her friend
> went out for a night of drinking in Pittsburgh, Pennsylvania.
> The victim and her friend became intoxicated. The victim
> called Uber to obtain a ride home. The Uber driver arrived
> to pick them up and began driving the victim and her friend
> to the victim's residence. The Uber driver was [Appellant].
> During the ride home, the victim and her friend began
> arguing. [Appellant] stopped the vehicle and ordered the
> victim's friend to exit the vehicle. [Appellant] drove the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(4).

victim to her residence. Upon arriving at her residence, the victim realized she left her apartment keys in her vehicle which she left behind at the drinking establishment. [Appellant] ended the Uber ride but took the victim back to her vehicle to obtain her apartment keys. [Appellant] then transported the victim back to her residence. At approximately 6:15 a.m., the victim and [Appellant] arrived at her apartment. [Appellant] escorted her into the apartment and the victim realized she left her phone in [Appellant's] vehicle. [Appellant] offered to retrieve the phone. The victim gave [Appellant] her apartment keys so [Appellant] could get back into her apartment after retrieving the phone. [Appellant] retrieved the phone and came back into the victim's apartment.

The victim testified that upon entering her apartment, she went to bed. She believed she passed out. She awoke to [Appellant] using a vibrator on her genital area. She was wearing underwear but [Appellant] had pulled the underwear to the side and had partially inserted the vibrator past her labia and it was forcefully pressing against her clitoris. It took the victim a few seconds to realize what had occurred and she immediately told [Appellant] to stop. She did not know if [Appellant] left right away but she was lying on her bed in a fetal position wearing nothing but a shirt and panties.

When the victim woke up the next morning, [Appellant] sent her a text message advising that he still had her apartment keys and her work badge. The victim sent [Appellant] a text message accusing him of touching her while she was asleep. [Appellant] responded by admitting that he touched her. He further admitted he was "totally wrong" and he apologized for touching her. The victim called the police and charges were filed against [Appellant].

(Trial Court Opinion, filed 1/18/22, at 2-3) (internal footnote omitted).

Procedurally, following a bench trial, the court convicted Appellant of indecent assault—person unconscious. The court sentenced Appellant on June 29, 2021, to 9 to 18 months' imprisonment, plus three years' probation.

Appellant timely filed post-sentence motions on July 9, 2021, which the court denied on July 27, 2021. Appellant filed a timely notice of appeal on August 19, 2021. That same day, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant complied following the grant of an extension of time.

Appellant raises three issues for our review:

Was the verdict against the sufficiency of the evidence?

Was the verdict against the weight of the evidence?

Did the court abuse its discretion at sentencing by elevating Appellant to "a position of care?"

(Appellant's Brief at 2).

After a thorough review of the record, the briefs of the parties, and the relevant law, we conclude that the trial court properly addressed and disposed of Appellant's first and second issues in its opinion. The trial court explained that the victim did not unequivocally consent to the indecent contact by Appellant, and there was sufficient evidence to demonstrate that the victim was unaware that she was being touched by Appellant in the manner she described at trial. Upon realizing that Appellant was touching her, the victim told Appellant to stop. Appellant admitted that he touched the victim and apologized the next day for having touched her. The court found the victim's trial testimony credible. More specifically, the court indicated that the evidence showed Appellant touched the victim's genitals with a vibrator while she was unaware that conduct was occurring, and the obvious purpose of the

- 3 -

touching was to arouse or sexually gratify Appellant or the victim. Further, the court indicated that the Commonwealth produced credible, competent, and reliable evidence to establish each element of the indecent assault subsection at issue. The court did not find the verdict to shock any rational sense of justice such that it was against the weight of the evidence. (*See* Trial Court Opinion at 3-7). We agree with the court's sound analysis and affirm Appellant's first and second issues based on the trial court's opinion.

In his third issue, Appellant challenges the discretionary aspects of his sentence. Preliminarily, we observe that challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. *Commonwealth v. Anderson*, 830 A.2d 1013 (Pa.Super. 2003). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial

question as to the appropriateness of the sentence under the Sentencing Code. **Commonwealth v. Mouzon**, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." **Anderson, supra** at 1013. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Brown**, 741 A.2d 726, 735 (Pa.Super. 1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001).

Instantly, Appellant did not include the requisite Rule 2119(f) statement in his appellate brief. The Commonwealth objects to this deficiency. (**See** Commonwealth's Brief at 9, 19). Appellant's failure to include the Rule 2119(f) statement renders his sentencing challenge waived on appeal. **See Commonwealth v. Griffin**, 149 A.3d 349 (Pa.Super. 2016), *aff'd*, 652 Pa. 127, 207 A.3d 827 (2019) (stating if appellant fails to include Rule 2119(f) statement and Commonwealth objects, appellant has waived discretionary aspects of sentencing challenge). Accordingly, we affirm.

Judgment of sentence affirmed.

Judge Stabile joins this memorandum.

Judge Colins notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/16/2022

# Allegheny County - Department of Court Records
## Criminal Division - Filings Information

**County caseID:CP-02-CR-0004229-2020(OPINION)**
**Case Description: COMMONWEALTH OF PENNSYLVANIA v. LNAME RINI**
**Official Docket Entry, Sort By Document Number Ascending**

| Document Number | Title/Entry | Filing Date |
|---|---|---|
| 1 | OPINION | 01/18/2022 |

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | ) | ORIGINAL |
| | ) | Criminal Division |
| | ) | Dept. Of Court Records |
| | ) | Allegheny County, PA |
| vs. | ) | CC No. 2020-04229 |
| | ) | |
| KELLY NORMAN RINI | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION

Mariani, J.

This is a direct appeal wherein the defendant, Kelly Norman Rini, appeals from the judgment of sentence of June 29, 2021 which became final on July 27, 2021 when post-sentencing motions were denied. Germane to this appeal, after a non-jury trial, this Court found the defendant guilty of Indecent Assault and not guilty of Involuntary Deviate Sexual Intercourse. This Court sentenced the defendant to a period of incarceration of not less than nine months nor more than 18 months followed by a term of three years' probation. The defendant challenges the convictions as set forth in the Concise Statement of Matters Complainted of on Appeal alleging that the evidence was legally insufficient to convict him, the verdict was against the weight of the evidence and that this Court's sentence was manifestly excessive.

The facts of record adduced in this case are as follows:

On February 8, 2020, the victim in this case and her friend went out for a night of drinking in Pittsburgh, Pennsylvania. The victim and her friend became intoxicated. The victim called Uber to obtain a ride home[1]. The Uber driver arrived to pick them up and began driving the victim and her friend to the victim's residence. The Uber driver was the defendant. During the ride home, the victim and her friend began arguing. The defendant stopped the vehicle and ordered the victim's friend to exit the vehicle. The defendant drove the victim to her residence. Upon arriving at her residence, the victim realized she left her apartment keys in her vehicle which she left behind at the drinking establishment. The defendant ended the Uber ride but took the victim back to her vehicle to obtain her apartment keys. The defendant then transported the victim back to her residence. At approximately 6:15 a.m., the victim and the defendant arrived at her apartment. The defendant escorted her into the apartment and the victim realized she left her phone in the defendant's vehicle. The defendant offered to retrieve the phone. The victim gave the defendant her apartment keys so the defendant could get back into her apartment after retrieving the phone. The defendant retrieved the phone and came back into the victim's apartment.

The victim testified that upon entering her apartment, she went to bed. She believed she passed out. She awoke to the defendant using a vibrator on her genital area. She was wearing underwear but the defendant had pulled the underwear to the side and had partially inserted the vibrator past her labia and it was forcefully pressing against her clitoris. It took the victim a few seconds to realize what had occurred and she

---

[1] Uber is a private taxi service.

2

immediately told the defendant to stop. She did not know if the defendant left right away but she was lying on her bed in a fetal position wearing nothing but a shirt and panties.

When the victim woke up the next morning, the defendant sent her a text message advising that he still had her apartment keys and her work badge. The victim sent the defendant a text message accusing him of touching her while she was asleep. The defendant responded by admitting that he touched her. He further admitted he was "totally wrong" and he apologized for touching her. The victim called the police and charges were filed against the defendant.

The defendant first claims that the evidence was legally insufficient to convict him. The standard of review for sufficiency of the evidence claims is well settled:

> the standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof [of] proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence

produced, is free to believe all, part or none of the evidence.

Commonwealth v. Lehman, 820 A.2d 766, 772 (Pa. Super. 2003)

Defendant first claims that the evidence was insufficient to convict him of indecent assault. That offense is set forth in 18 Pa.C.S.A. § 3126:

> **(a) Offense defined.**--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
>        \*      \*      \*
>
> (4) the complainant is unconscious or the person knows that the complainant is unaware that the indecent contact is occurring;

"Indecent contact" is defined as "any touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in either person." 18 Pa.C.S. § 3101.

This Court finds the testimony of the victim credible. "[T]he uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant. ..." Commonwealth v. Charlton, 2006 PA Super 149, 902 A.2d 554, 562 (Pa.Super.2006). The victim did not unequivocally consent to the indecent contact of the defendant and there is sufficient evidence in the record to also demonstrate that the victim

4

was unaware that she was being touched by the defendant in the manner she described at trial. She told the defendant to stop upon realizing she was being touched and the defendant admitted he touched her and apologized for touching her the next day.

Additionally, the evidence in this case clearly indicates that the defendant had touched the victim's labia and clitoris with a vibrator while the victim was unaware that such conduct was occurring. The obvious purpose of the touching was to arouse or gratify sexual desire both in the defendant and in the victim. The implement used to touch the victim, a vibrator, is an object that is used for sexual arousal. This evidence clearly demonstrates non-consensual indecent sexual contact as described in the statute. Accordingly, the defendant's conviction for indecent assault should be affirmed.

The defendant next claims that the guilty verdict was contrary to the weight of the evidence. As forth in Criswell v. King, 834 A.2d 505, 512. (Pa. 2003):

> Given the primary role of the jury in determining questions of credibility and evidentiary weight, the settled but extraordinary power vested in trial judges to upset a jury verdict on grounds of evidentiary weight is very narrowly circumscribed. A new trial is warranted on weight of the evidence grounds only in truly extraordinary circumstances, i.e., when the jury's verdict is so contrary to the evidence that it shocks one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail. The only trial entity capable of vindicating a claim that the jury's verdict was contrary to the weight of the evidence claim is the trial judge -- decidedly not the jury.

5

834 A.2d at 512. Armbruster v. Horowitz, 572 Pa. 1, 813 A.2d 698, 703 (Pa. 2002); Commonwealth v. Brown, 538 Pa. 410, 648 A.2d 1177, 1189 (Pa. 1994)). Although Criswell spoke in terms of a jury verdict, there is no distinction relative to a non-jury verdict.

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa.Super. 2007). The trier of fact is free to believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). A verdict should only be reversed based on a weight claim if that verdict was so contrary to the evidence as to shock one's sense of justice. Id. See also Commonwealth v. Habay, 934 A.2d 732, 736-737 (Pa.Super. 2007). Importantly "[a] motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but claims that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." Commonwealth v. Widmer, 744 A.2d 745 (Pa. 2000)). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 2004 PA Super 465, 863 A.2d 1185, 1191 (Pa. Super. 2004). The fact-finder's rejection of a defendant's version of events or the rejection of an affirmative defense is within its discretion and not a valid basis for a weight of evidence attack. Commonwealth v. Bowen, 55 A.3d 1254, 1262 (Pa.Super. 2011).

6

The defendant's weight claim essentially argues that the sexual contact between the victim and the defendant was consensual. Inasmuch as the defendant's weight claim concedes that the evidence was sufficient to convict in this case, the issue of consent was specifically considered by this Court after assessing the credibility of the victim. Because a weight of the evidence claim cannot be based solely on a challenge to the Court's credibility determinations, the defendant's weight claim fails. The trial evidence presented by the Commonwealth has been recounted herein and was credible, competent and reliable and established every element of indecent assault. This Court has reviewed the trial record and believes that the verdict does not shock any rational sense of justice and, therefore, the verdict was not against the weight of the evidence.

The defendant's final claim is that this Court's sentence was excessive and unreasonable. A sentencing judge is given a great deal of discretion in the determination of a sentence, and that sentence will not be disturbed on appeal unless the sentencing court manifestly abused its discretion." Commonwealth v. Boyer, 856 A2d 149, 153 (Pa. Super. 2004), citing Commonwealth v. Kenner, 784 A.2d 808, 811 (Pa.Super. 2001) appeal denied, 568 Pa. 695, 796 A.2d 979 (2002); 42 Pa.C.S.A. §9721. An abuse of discretion is not a mere error of judgment; it involves bias, partiality, prejudice, ill-will, or manifest unreasonableness. See Commonwealth v. Flores, 921 A.2d 517, 525 (Pa.Super. 2007), citing Commonwealth v. Busanet, 817 A.2d 1060, 1076 (Pa. 2002).

Furthermore, the "[s]entencing court has broad discretion in choosing the range of permissible confinements which best suits a particular defendant and the circumstances surrounding his crime." Boyer, supra, quoting Commonwealth v. Moore, 617 A.2d 8, 12 (1992). Discretion is limited, however, by 42 Pa.C.S.A. §9721(b), which provides that a sentencing court must formulate a sentence individualized to that particular case and that particular defendant. Section 9721(b) provides: "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense, as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant . . . ." Boyer, supra at 153, citing 42 Pa.C.S.A. §9721(b). Furthermore,

> In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a presentence investigative report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

Boyer, supra at 154, citing Commonwealth v. Burns, 765 A.2d 1144, 1150-1151 (Pa.Super. 2000) (citations omitted).

In fashioning an appropriate sentence, courts must be mindful that the sentencing guidelines "have no binding effect, in that they do not predominate over individualized sentencing factors and that they include standardized recommendations, rather than mandates, for a particular sentence." Commonwealth v. Walls, 592 Pa. 557, 567, 926 A.2d

8

957, 964 (2007). A sentencing court is, therefore, permitted to impose a sentence outside the recommended guidelines. If it does so, however, it "must provide a written statement setting forth the reasons for the deviation...." Id., 926 A.2d at 963.

A sentencing judge can satisfy the requirement of placing reasons for a particular sentence on the record by indicating that he or she has been informed by the pre-sentencing report; thus properly considering and weighing all relevant factors. Boyer, supra, citing Burns, supra, citing Commonwealth v. Egan, 451 Pa.Super. 219, 679 A.2d 237 (1996). See also Commonwealth v. Tirado, 870 A.2d 362, 368 (Pa.Super. 2005) (if sentencing court has benefit of presentence investigation, law expects court was aware of relevant information regarding defendant's character and weighed those considerations along with any mitigating factors). In Commonwealth v. Moury, 992 A.2d 162, 171 (Pa.Super. 2010), the Superior Court explained that where a sentencing court imposes a standard-range sentence with the benefit of a presentence report, a reviewing court will not consider a sentence excessive.

The record in this case supports the sentence imposed by this Court. The sentence imposed by this Court was within the standard range of the sentencing guidelines. The record reflects that this Court was guided by the presentence report and that the defendant did not object to the contents of that report. The defendant provided a presentence statement denying culpability in this matter. This Court considered the fact that the defendant failed to accept responsibility for his actions in this case. Additionally, in this Court's view, the defendant, as an Uber driver operating a taxi service, was in a

position of care and owed a duty of care to the victim. Rather than honor that duty of care, the defendant violated the duty of care, entered the apartment of the victim and indecently assaulted the victim while the victim was unaware of the circumstances. The defendant was keenly aware of the victim's intoxicated state and took advantage of the victim's intoxication for his own personal selfish sexual arousal. This Court believed that a standard range sentence was appropriate.

Defendant finally includes in his concise statement of issues complained of on appeal a section titled "Intermediate Punishment." There is no claim of error challenging a ruling of this Court included in this section. Accordingly, that section is not addressed in this opinion.

For the foregoing reasons, the judgment of sentence should be affirmed.

Date:                                          By the Court:

JANUARY 18, 2022                    _____
                                                          Anthony M. Mariani, J.

10